Commonwealth of Pennsylvania, Unemployment Compensation Board of Review *v.* Leon F. Turner, Appellant.

Argued June 9, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*George M. Bobrin,* for appellant.

*David Bianco,* Assistant Attorney General, with him *Daniel R. Schuckers,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., July 13, 1977:

Claimant was discharged by his employer for excessive absenteeism. The Bureau of Employment Security (Bureau) granted benefits and after an appeal by the employer, the referee affirmed the Bureau's decision. The employer then appealed the referee's decision and the Unemployment Compensation Board of Review (Board) reversed, finding claimant ineligible for benefits under Section 402(e) (wilful misconduct) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The Board found the following facts:

1. Claimant was last employed as a Bobst Operator by Banes & Mayer, Inc., at a final rate

of $210 a week and his last day of work was February 14, 1975.

2. The claimant and his supervisor were the only employes capable of doing the claimant's job, and learning his work required an extensive training period. For this reason the employer was most reluctant to lose the claimant's services.

3. The claimant had a record of excessive absenteeism and failure to call in to report his absences. He had received one written warning and at least four or five oral warnings about this absenteeism and failure to report off.

4. On February 11, and 12, 1975, the claimant was absent. On February 11 he reported off to his shop union steward but not to his employer. On February 12 his wife called the employer and said the claimant had something to do and that he might be in later, but he did not report to work later that day.

5. Claimant did not call his employer on February 11, 1975 to report off because the reasons for his absence were to go to the bank and to make arrangements to join a union. His absence on February 12 was for the purpose of accompanying his wife to a clinic.

6. When the claimant returned to work, he was allowed to work on February 13 and 14 in order that an assignment he had started could be finished. He was discharged on February 14 because of his absences and failure to report off properly.

Claimant attacks the findings of fact and conclusion of law of the Board. Findings of fact of the Board are binding upon this Court if those findings

are supported by substantial evidence.[1] After a careful review of the record, we find there is ample evidence to support the Board's findings that claimant had been warned both orally and in writing concerning prior absences without notification to his employer and that claimant was absent from work on February 11, 1975, and had not notified his employer that he would be absent.

With regard to the Board's conclusion of law, claimant argues that his conduct does not rise to the level of wilful misconduct, as a matter of law. "The case law has firmly established that absence from work without notification to the employer, in violation of the employer's rules as to reporting such absenteeism, evidences a deliberate disregard of the standards of behavior an employer has the right to expect of his employees." *Ferko v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 597, 601, 309 A.2d 72, 74 (1973). (Citations omitted.) In the instant case claimant knew that his employer required absent employees to call and report when they knew they would be absent and claimant knew who to call at work to report such an absence. Claimant was absent on February 11, 1975, and did not call and notify his employer's representative, whom he testified he knew he should call, after being warned previously (orally and in writing) concerning such conduct on his part. Such conduct is wilful misconduct under Section 402(e), 43 P.S. §802(e).

One further point, claimant argues that the fact that he was discharged the following day after he re-

---

[1] Claimant argued both in his brief and at oral argument, that the referee was in a better position than the Board to determine credibility, however, "[a]s the ultimate fact-finding body, the Board is empowered to assess credibility and the weight of the evidence and substitute its own findings for those of the referee." *Mentz v. Unemployment Compensation Board of Review*, Pa. Commonwealth Ct. , , 370 A.2d 1232, 1233 (1977). (Citations omitted.)

turned (February 14, 1975), rather than on the day that he returned to work (February 13, 1975), indicates that the employer condoned the absence without notification of February 11, 1975.[2] We find no merit in this argument. The employer's representative explained at the hearing that claimant's job required substantial training to be done competently and that only one other employee (claimant's supervisor) could handle this machine. Thus, claimant's absences on February 11 and 12, 1975, put production behind and claimant was needed to finish work. The Board argued, before this Court, that an employer should be able to mitigate damages caused by an employee's absences. We need only say that the one day delay in discharge without anything else is insufficient to indicate that the employer condoned claimant's February 11, 1975 absence without notification.

Accordingly, we will enter the following

ORDER

Now, July 13, 1977, the order of the Unemployment Compensation Board of Review, No. B-126623, dated July 17, 1975, denying unemployment compensation benefits to Leon F. Turner, is affirmed.

---

[2] The referee reasoned in her discussion that the employer's failure to discharge claimant on the day he returned to work indicated that the employer condoned claimant's absence without notification. This reasoning of the referee was not adopted by the Board. Claimant worked February 14, 1975, *after* being told he was discharged. The employer gave him a choice of working February 14, 1975, or accepting the discharge before starting that day's work. Claimant elected to work.