Houff Transfer, Inc., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1978, before Judges MENCER, DISALLE and MACPHAIL, sitting as a panel of three.

*William J. Flannery*, with him, of counsel, *Morgan, Lewis & Bockius*, for petitioner.

*Reese F. Couch*, Assistant Attorney General, with him *James Bradley*, Assistant Attorney General, *Daniel R. Schuckers*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE MENCER, January 31, 1979:

Houff Transfer, Inc. (Houff) appeals an order of the Unemployment Compensation Board of Review (Board) granting benefits to Robert K. Phelps, Jr. (claimant). The Board found that claimant was not discharged because of willful misconduct[1] pursuant to

---

[1] For a definition of willful misconduct, see *Fields v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 200, 300 A.2d 310 (1973).

Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We reverse.

Claimant had worked for Houff as a truck driver for over two years. On December 13, 1976, claimant experienced a very rapid heartbeat while loading a trailer and was sent home. He was instructed to see a physician and to submit a doctor's certificate stating he was physically capable of performing his duties when he reported back to work. Claimant returned to work on December 20, 1976 and presented a certificate from a doctor who had examined him at the Veterans Administration hospital. The certificate was rejected by the claimant's supervisor, Mr. Adderly, because it did not contain the requisite medical information needed to allow claimant to resume work. Claimant attempted to obtain a revised certificate but, because his doctor refused to modify it, claimant resubmitted the same certificate on December 21, 1976. It was again rejected by claimant's supervisor. An argument ensued, whereupon claimant used abusive language and threatened his superior with bodily harm. Despite this, the supervisor tried to accommodate claimant by allowing him to have his doctor call the supervisor and by offering to put him back to work. Claimant then took out a notebook and started writing in it. At the hearing before the referee, his supervisor described the subsequent events as follows:

> BY MR. ADDERLY: . . . I said Robert you're wasting entirely too much time on this book, I said I don't know what you're putting in the book I said but do this on your own time. He cursed me again and told me I'm going to sue you with this book he says this book represents what I can do to you and that's when I

BY THE REFEREE: Is that when you told him he was discharged?

BY MR. ADDERLY: With all the other aggravation and grief the man has caused me it was then I decided I could not tolerate any more and I said that's final it's over you're through.

The Bureau of Employment Security denied claimant's application for benefits on the grounds of willful misconduct, and the referee affirmed. After first dismissing claimant's appeal, the Board reconsidered and granted benefits. This appeal followed.

Houff argues that the Board erred in finding that claimant was discharged *solely* for "causing the supervisor too much aggravation by questioning procedures and jotting down notes in his notebook" and not for refusing to comply with the supervisor's request to provide a medical certificate and for using abusive language to his supervisor. Since the employer has the burden of proving willful misconduct, *Winkler v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 49, 338 A.2d 770 (1975), and has not prevailed before the Board, our scope of review is limited to a determination of whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence. *Unemployment Compensation Board of Review v. Atlantic Richfield Co.,* 22 Pa. Commonwealth Ct. 511, 349 A.2d 496 (1975). "Capricious disregard" has been defined as "a deliberate disregard of competent testimony which one of ordinary intelligence could not possibly have avoided in reaching the result." *Unemployment Compensation Board of Review v. Cooper,* 25 Pa. Commonwealth Ct. 256, 259, 360 A.2d 293, 294 (1976). We conclude that the Board capriciously disregarded the testimony of claimant's supervisor.

In reaching its findings, the Board based them almost exclusively on the supervisor's testimony. Yet when it came to his testimony as to why he fired claimant, the Board apparently decided to ignore what it had previously found to be credible testimony. Instead, it concentrated on the notebook incident, the occurrence of which claimant did not even admit or deny, as the sole reason for discharge.[2] In doing so, the Board failed to take into account the entire series of events leading up to the discharge, including the verbal abuse and threats to the supervisor. The notebook incident was clearly only the "last straw" in a series of events throughout which claimant had manifested an insubordinate and abusive attitude.

Reviewing claimant's conduct, we find that his actions and language, both before and after the supervisor's offer to him to return to work, amount to a disregard of the standards of behavior which an employer has a right to expect of an employee.[3] *See Costa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 7, 374 A.2d 1012 (1977); *Unemployment Compensation Board of Review v. Boff,* 24 Pa. Commonwealth Ct. 571, 357 A.2d 694 (1976); *Unemployment Compensation Board of Review v. Lee,*

---

[2] Apparently, the Board interpreted the supervisor's offer to claimant to start work as somehow cancelling or condoning all prior acts of the claimant, leaving only the notebook affair as grounds for discharge. Given, however, the short period of delay between the offer to return to work, and the discharge, we can hardly say the supervisor condoned claimant's prior conduct. *See Unemployment Compensation Board of Review v. Turner,* 31 Pa. Commonwealth Ct. 70, 375 A.2d 829 (1977).

[3] We cannot say claimant's failure to bring in the proper medical certificate was willful misconduct, as the doctor's refusal to alter it provided good cause for claimant's noncompliance with his supervisor's request. *See Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976).

20 Pa. Commonwealth Ct. 154, 340 A.2d 586 (1975). Therefore, the order of the Board must be reversed and benefits denied.

ORDER

AND Now, this 31st day of January, 1979, the order of the Unemployment Compensation Board of Review, dated August 1, 1977, granting unemployment compensation benefits to Robert K. Phelps, Jr., is reversed.