Lower Gwynedd Township, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Walter G. West, Respondents.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Curtis Wright,* with him *Jeremiah J. Cardamone,* and *Timoney, Knox, Hasson & Weand,* for petitioner.

*Brian P. Sullivan,* with him *Kane, Pugh, Anderson, Subers & McBrien,* for respondent.

OPINION BY JUDGE MENCER, August 10, 1979:

Walter G. West (claimant), a police officer employed by the Lower Gwynedd Township (Township), remarked to a fellow police officer, on May 18, 1977, that someone was going to get hurt as he was not going to back them up if they did not discontinue harassing him. He admitted to his immediate supervisor, who was also his partner, that he had made the remark. The incident was not reported further, and no warnings were given. No action was taken until December 1977 when fellow officers filed a complaint against claimant with the chief of police and the township supervisors based, in part, upon this incident. As a result, claimant was suspended without pay for 180 days for conduct unbecoming an officer. Claimant was denied unemployment compensation for the period in which he was suspended, based upon a finding of willful misconduct under Section 402(e) of the Unemployment Compensation Law.[1] After a hearing, the referee determined that willful misconduct had not been established and therefore granted benefits. The Unemployment Compensation Board of Review (Board) affirmed, and the Township appealed. We reverse.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The Township argues that claimant's threatening remark constitutes willful misconduct and that the Township's failure to act upon this incident for seven months does not amount to condonation which negates the charge of willful misconduct.

As a policeman, claimant holds a position of great responsibility and trust which requires full cooperation with fellow officers. As we said in *Cerceo v. Darby*, 3 Pa. Commonwealth Ct. 174, 183, 281 A.2d 251, 255 (1971), and repeated in *Faust v. Police Civil Service Commission*, 22 Pa. Commonwealth Ct. 123, 129, 347 A.2d 765, 768 (1975), ''[w]e demand from our law enforcement officers, and properly so, adherence to demanding standards which are higher than those applied to many other professions.'' Though claimant's remark was somewhat vague and did not portend any immediate or direct harm, it certainly communicated a threat of potential nonsupport and thereby possible harm. In his position as a policeman, claimant's threat, even if provoked, which provocation was not clearly established here, is very serious and can only result, as it in fact did, in discord, distrust, and a disruption of an effective operation. As such, his conduct must be viewed as a disregard of standards of behavior which may rightfully be expected by his employer and thus willful misconduct. *Cf. Unemployment Compensation Board of Review v. Lee*, 20 Pa. Commonwealth Ct. 154, 340 A.2d 586 (1975) (willful misconduct includes threats of physical harm directed toward a supervisor); *Gallagher v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 344, 400 A.2d 926 (1979) (willful misconduct includes unprovoked abusive language and threats of physical harm directed at a fellow employee).

Based on the facts that the incident was not officially reported and no action was taken for seven

months and that claimant subsequently carried out his duties without incident, the referee seems to suggest that claimant's conduct was condoned or was at least remote and was therefore insufficient to disqualify him for willful misconduct. We disagree.

Although there is authority for the proposition that an act constituting willful misconduct may not be the basis for a denial of benefits, if it is condoned or so remote in time from a discharge based upon the act, the facts in this case do not support a conclusion that claimant's conduct was condoned by his employer. Nor do they support a conclusion that his conduct was so remote as to excuse his willful misconduct.[2] The chief of police and Township did not learn of the incident until seven months had passed, at which time the Township took prompt disciplinary action. This is not consistent with condonation. Although claimant's supervisor knew about the incident and, by not reporting it, may have condoned it,[3] we will not impute his condonation to the Township or chief of police, since there is no evidence that the supervisor's inaction in any way binds the Township with regard to disciplinary matters or that claimant believed the supervisor's inaction represented official condonation. Further, because the impact of the remark had not diminished over seven months despite claimant's sub-

[2] See *Tundel v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 312, 404 A.2d 434 (1979) ; *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 242, 397 A.2d 42, 44 n. 2 (1979) ; *Unemployment Compensation Board of Review v. Turner*, 31 Pa. Commonwealth Ct. 70, 375 A.2d 829 (1977) ; *Unemployment Compensation Board of Review v. Dravage*, 23 Pa. Commonwealth Ct. 636, 639 n. 2, 353 A. 2d 88, 89 n. 2 (1976).

[3] Claimant's supervisor testified that he did not report the incident because, as claimant's partner, he could observe claimant's behavior and counsel him or report him as deemed necessary. He also believed claimant was under stress.

sequent performance of his duties, as is evidenced by the complaint filed by claimant's fellow police officers, we are unable to conclude that claimant's conduct was so remote as to negate the charge of willful misconduct.

Therefore, we enter the following

ORDER

AND Now, this 10th day of August, 1979, the order of the Unemployment Compensation Board of Review, dated July 7, 1978, disallowing an appeal from the referee's order granting unemployment compensation benefits to Walter G. West for the compensable week ending April 1, 1978, is reversed, and unemployment compensation benefits are denied Walter G. West for the compensable week ending April 1, 1978.