Philip Davis, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1980, before Judges Wilkinson, Jr., Rogers and MacPhail, sitting as a panel of three.

*Daniel E. Lowe,* with him *Oscar N. Gaskins,* for Petitioner.

*Charles G. Hasson.* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 9, 1980.

Philip Davis has appealed from an order of the Unemployment Compensation Board of Review affirming the order of the referee denying him unemployment compensation benefits on the ground of willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Mr. Davis had been employed by Ashbourne Transportation, Inc. as a school bus driver for 22 months when he was suspended on December 19, 1978. The suspension was the result of an accident on that date which occurred when the appellant blacked out while driving a school bus. On December 20, 1978 the appellant obtained a letter from his physician which he gave to his employer. The letter did not refer to the blackout. The appellant's employer told the appellant that a medical report giving the reason for the blackout would have to be furnished. The appellant had not provided such a report to his employer as of the date of the referee's hearing, March

9, 1979. At that hearing the referee denied the appellant benefits due to the appellant's willful misconduct in failing to produce the additional medical report as requested by his employer. The Unemployment Compensation Board of Review (Board) affirmed.

The appellant presents one question—that the employer failed to meet its burden of establishing that his conduct constituted willful misconduct.

Mr. Davis first says in this regard that the employer failed to prove that he was directly informed that the doctor's report he submitted was insufficient and that he should submit another one stating why he had blacked out. This is simply not so. Our examination of the record shows that the employer's superintendent testified that in a telephone conversation with the appellant he told the appellant that the doctor's letter submitted was inadequate and that the appellant should submit another one which related to the blackout incident. This evidence clearly supported the finding that the appellant had been notified of the employer's request for additional medical information.

The appellant further argues that the failure to submit the requested additional medical information was simply not misconduct. We disagree. The appellant was a school bus driver with responsibility for the safety of children. His employer's request for the medical information concerning a blackout while driving was eminently reasonable. An employee must have a good cause for refusing to comply with his employer's reasonable request, *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976), and none was here offered.

The present situation is distinguishable from *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 397

A.2d 42 (1979), cited by the appellant. There, claimant's noncompliance with his employer's request for a medical certificate was held not to be willful misconduct because the doctor in question refused to modify the certificate as desired. In this case, for all that appears, only the appellant's failure to act prevented him from obtaining the requested supplementary information.

Accordingly, we enter the following

ORDER

AND Now, this 9th day of October, 1980, the order of the Unemployment Compensation Board of Review disallowing unemployment compensation benefits for Philip Davis is affirmed.