Moore's Hauling, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Richard F. Faux,* with him *George W. Tracy, Tracy & McNamee,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 17, 1980:

In this unemployment compensation appeal, the employer,[1] questions the allowance of benefits to the claimant[2] by the board,[3] which reversed the referee's conclusion that claimant, a trucking company dispatcher, was ineligible because discharged for willful misconduct.[4]

Matters such as the alleged failure of claimant to clean his work area to the satisfaction of the employer, and claimant's procedures with respect to shipping overvalued freight, have been fairly characterized by

---

[1] Petitioner, Moore's Hauling, Inc.

[2] Frank G. VanHorn, Jr.

[3] Unemployment Compensation Board of Review.

[4] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936 Second Ex. Sess., P.L. (1937) 2897 *as amended,* 43 P.S. §802(e).

the employer's brief as "occasions in which claimant did not perform his duties properly," thus indicating performance properly classifiable as incompetence rather than willful misconduct,[5] and the referee therefore properly did not adopt those matters as reasons for his denial of benefits.

The charge identified by the employer's brief as the basis for denial of benefits, that claimant extracted pay raise information from company wastebaskets and spread gossip on such matters, was presented only by hearsay testimony, without corroboration, and was therefore also properly ignored by the referee, as well as by the board.[6]

The final charge relates to claimant's entry into the shop area of the employer's premises after being warned not to do so, but the board found that claimant thereafter did not go into the shop area without permission except to answer telephone calls from drivers. At argument, counsel for the employer was unable to take serious issue with that finding of the board. The board's decision thus shows sufficient justification for claimant going into the shop area after being warned on the point.[7] We therefore cannot hold that the board capriciously disregarded competent evidence in reaching its conclusion that the employer failed to sustain the burden of establishing willful misconduct.[8]

Accordingly, the board's decision is affirmed.

---

[5] *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973), defining willful misconduct.

[6] *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

[7] *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976), concerning good cause for non-compliance.

[8] *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979), stating applicability of the capricious disregard scope of review.

## Order

And Now, this 17th day of October, 1980, the decision and order of the Unemployment Compensation Board of Review at No. B-171530, dated April 26, 1979, is affirmed.