Sheila Mann, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Jose E. Morales,* with him *Patricia L. Smith,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 7, 1981:

This is an appeal from a decision of the Unemployment Compensation Board of Review which denied

unemployment compensation benefits to Appellant because she voluntarily quit her employment without necessitous or compelling reasons.[1]

Appellant, a black female, was employed by the Burroughs Corporation as an associate instructor in electronics as a part of the employer's "New Jobs for Women" affirmative action program. After seven and one-half months on the job, she quit. Her reasons for doing so constitute the sole issue in this case. Appellant contends that she was forced to quit by circumstances attendant to her employment. The employer denied that those circumstances existed. Appellant had the benefit of two hearings. At the first hearing she alluded to some racial discrimination as the reason for her quitting. At the second hearing she testified she quit because she was undergoing emotional and psychological stress due to being forced to teach a course for which she had been inadequately trained.

Since the Appellant did quit voluntarily, it was her burden to show cause of a necessitous or compelling nature for doing so. The Board twice concluded that she had failed to sustain that burden.

Where the decision of the Board is against the person having the burden of proof, the Board will be affirmed in the absence of a capricious disregard of competent evidence. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979). Our careful review of the record in this case convinces us that there has been no capricious disregard of evidence by the Board except with respect to Finding of Fact No. 5,[2] an error admitted by the Board in this appeal.

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[2] 5. Claimant did not bring her dissatisfaction to the attention of management.

That erroneous finding is not crucial to the result in the instant case.

Accordingly, we affirm.

### ORDER

AND Now, April 10, 1981, the order entered April 7, 1981, is amended to read as follows:

AND Now, this 7th day of April, 1981, the order of the Unemployment Compensation Board of Review dated January 16, 1980, in appeal No. B-79-1-B-260 denying unemployment compensation benefits to Sheila Mann is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.