648 A.2d 1321

**Michael WILLIAMS, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 26, 1994.

Decided Sept. 28, 1994.

R. Bruce Manchester, for appellant.

Sarah Yerger–Nauss, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Michael Williams (Claimant) appeals from the order of the Unemployment Compensation Board of Review (UCBR) that affirmed the referee's denial of benefits to Claimant. We affirm.

Claimant worked as a corrections officer at the Centre County Prison (Employer). Employer has a policy that forbids physical or verbal abuse of an inmate, the violation of which is cause for immediate discharge. Claimant was aware of this policy.

On August 12, 1993, Claimant directed obscene and abusive remarks to Inmate Mark Turner. Claimant alleges that he had been provoked by Inmate Turner who had made threatening remarks to him. Claimant was suspended pending a disciplinary hearing. On August 18, 1993, Employer discharged Claimant for violation of its rule prohibiting verbal abuse of an inmate. Claimant filed for benefits which the Job Center denied. Claimant appealed.

Prior to the first hearing before the referee, Claimant's request for witness subpoenas was denied. At the hearing, Employer's witnesses testified, as well as Claimant himself. However, the referee refused Claimant's proffer of evidence of Inmate Turner's past criminal record. The referee denied Claimant benefits. On appeal, the UCBR remanded to the referee for the issuance of the previously requested subpoenas to Inmate Dennis Feathers and Oliver Goodman, Centre County Personnel Director.

At the remand hearing, Mr. Goodman testified; however, Inmate Feathers appeared but refused to testify, apparently because he feared reprisal from Inmate Turner. Claimant's counsel requested a continuance because a petition had been filed with the Centre County Court of Common Pleas asking that Inmate Feathers be held in contempt for failing to testify in a separate administrative hearing before the salary board. Claimant's counsel argued that Inmate Feather's testimony was crucial because he would testify about the threats Inmate

Turner had made against Claimant.[1]  However, the referee refused to continue the hearing and again denied Claimant benefits.  On appeal, the UCBR affirmed.

■  On appeal to this Court,[2] Claimant argues that the UCBR erred as a matter of law in affirming the referee's decision because:  1) the referee improperly excluded evidence of Inmate Turner's past criminal history;  and 2) the referee erred in failing to grant a continuance.

■  The UCBR denied Claimant benefits pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e), which provides, in pertinent part:

An employe shall be ineligible for compensation for any week—

\*    \*    \*    \*    \*    \*

(e) in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

While the term willful misconduct is not defined in the Law, we have stated that willful misconduct includes a deliberate violation of the employer's rules.  *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa.Commonwealth Ct. 90, 309 A.2d 165 (1973).  An employer notifies its employees of its interests and standards of behavior by promulgating rules;  and by doing so, the employer shows what it considers to be willful misconduct. *Holly v. Unemployment Compensation Board of Review,* 151 Pa.Commonwealth Ct. 450, 617 A.2d 80 (1992), *appeal denied,* 534 Pa. 643, 626 A.2d 1160 (1993).  If the employer proves the

1. The Court of Common Pleas eventually held Inmate Feathers in contempt.  Inmate Feathers later testified at the administrative hearing concerning the reason for his refusal to testify at the first hearing, i.e., his fear of Inmate Turner.

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence.  2 Pa.C.S. § 704.

existence of the rule, the reasonableness of the rule and the fact of its violation, the burden shifts to the claimant to prove that he had good cause for violating the employer's rule. *Williams v. Unemployment Compensation Board of Review,* 141 Pa.Commonwealth Ct. 667, 596 A.2d 1191 (1991).

Claimant admits that he used abusive language toward Inmate Turner. However, Claimant asserts he had good cause for his actions because Inmate Turner had threatened him and his family. Claimant contends that the referee's failure to allow the introduction of evidence concerning inmate's past criminal conduct was error because it would have demonstrated he had good cause for his actions. We do not agree.

The fact that Inmate Turner was in the Centre County Prison demonstrates that he had been found guilty of an offense which required incarceration. The referee did not consider the evidence of Inmate Turner's criminal past to be determinative as to whether or not Claimant had good cause to violate Employer's rules. Therefore, we hold that the referee did not err in refusing to admit evidence of Inmate Turner's criminal past.

Claimant also argues that the UCBR erred in failing to remand to the referee for consideration of Inmate Feather's testimony. The UCBR submits that the referee properly denied the continuance because Inmate Feather's testimony would have been duplicative of the evidence already in the record. Inmate Feather's testimony would simply corroborate Claimant's testimony on the record that Inmate Turner threatened him. In fact, the UCBR concedes that Inmate Turner had made threatening remarks to Claimant. However, the UCBR contends that although provoked, Claimant still violated Employer's rule without good cause. We agree.

Case law holds law enforcement officials to high standards of behavior. In *Lower Gwynedd Township v. Unemployment Compensation Board of Review,* 44 Pa.Commonwealth Ct. 646, 404 A.2d 770 (1979), the claimant, a police officer, admitted verbal abuse to another employee. We denied benefits stating that, as a law enforcement agent, a police officer "holds a

position of great responsibility and trust" indicating, "[we] demand from our law enforcement officers and properly so, adherence to demanding standards which are higher than those applied to many other professions." *Id.* at 648, 404 A.2d at 771 (citations omitted). "As such, [claimant's] conduct must be viewed as a disregard of the standards of behavior which may rightfully be expected by his employer and thus, willful misconduct." *Id.*

Claimant is a corrections officer and should be held to a similarly high standard of behavior. Given this heightened standard, the UCBR did not find the threats of an incarcerated inmate as sufficient provocation to give Claimant good cause for his verbal abuse of Inmate Turner. While those incarcerated in correctional facilities may not be bastions of society, Employer's rule against the use of vulgar language by correctional officers is reasonable, good sense and can do nothing but help maintain calm in the correctional facility.

Accordingly, we affirm.

### ORDER

AND NOW, this 28th day of September, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.