## Newby v. Newtown Township Board of Supervisors

*M. Mark Mendel,* for plaintiff.
*Angelo A. DiPasqua,* for defendant.

DEFURIA, J., March 30, 1971.—This action is an appeal by plaintiff, lodged on October 14, 1970, from the order of the Board of Supervisors of the Township of Newtown, Pa., affirming plaintiff's honorable discharge as a township police officer by reason of physical disability.

Thereafter, the order allowing the appeal was revoked by agreement, and a revised order allowing the appeal, prepared by counsel for both parties, was signed by this court on October 30, 1970, which, among other clauses, provided:

"(5) A hearing date is tentatively fixed for December 22, 1970, provided all necessary discovery by each side is completed by that date."

Defendant township then filed and served notice of oral depositions, with a subpoena duces tecum, upon plaintiff pursuant to Rule 4007 of the Pennsylvania Rules of Civil Procedure.

Thereafter, plaintiff filed a petition seeking to delete from the order of October 30, 1970, the provision permitting discovery referred to above, and for a protective order preventing defendant from obtaining depositions and discovery, which motions are now before this court for disposition.

An answer to this petition was filed.

The Township of Newtown is a township of the second class.

Procedure for the removal of police officers, employed by the townships of the second class, is provided by the Act of June 15, 1951, P. L. 586, as amended, 53 PS §811-815.

Appeal under the Act of 1951 is provided in section 5 thereof:

"The suspended or dismissed employe shall have the right to appeal to the court of common pleas of the county in which he was employed.": McCandless Twp. v. Wylie, 375 Pa. 378 (1953).

The Act of 1951 makes no provision for discovery on appeal. The discovery attempted by defendant township was proposed under Pa. R. C. P. 4007. In specifying the scope of the procedural rules, Pa. R. C. P. 4001 provides:

"(a) The rules of this chapter apply to any civil action or proceeding at law or in equity brought in *or appealed to any court* which is subject to these rules." (Italics supplied.)

"(b) As used in this chapter 'court', unless the context clearly indicates otherwise, means the court in which the action is pending."

Do the parties on an appeal to the Court of Common Pleas from the removal of a police officer by a second class township have the preliminary right of discovery? We believe they do.

The scope of the rules, section 4001, supra, clearly shows their applicability to any (all) civil action or proceeding or *appeal* to court.

In Vega Appeal, 383 Pa. 44, 48 (1955), which was an appeal from the dismissal of a borough police officer, the Supreme Court stated:

"However, in view of the procedure outlined in the Act of 1941 which expresses the intent of the legislature in substantially similar proceedings, we are of opinion that the Court of Common Pleas on such an appeal may take additional testimony and find for itself the facts necessary to a just determination of the controversy. And, for the same reason, it would seem that the Court of Common Pleas should have the same power under the 1951 statute . . ."

The right to take testimony on the appeal is not limited simply to the testimony of appellant as would be the case if the appeal were under the Police Civil Service Act of June 5, 1941, P. L. 84, as amended, 53 PS §53251-53277.

If the court, sua sponte, may take additional testi-

mony to obtain the full facts prior to a determination of the controversy, then the parties must possess the same rights, especially in view of the purpose of the Rules of Civil Procedure.

Wherefore, we make the following

### ORDER

And now, March 30, 1971, plaintiff's rule for a protective order and for amendment of this court's order of October 30, 1970, deleting a portion thereof relating to discovery, is refused and dismissed.