## Haupt v. Falls Township

*John B. Mancke,* for petitioner.
*Leo R. Zamparelli,* for respondent.

MIMS, *J.,* July 3, 1979—Police officer Paul Haupt of Falls Township, Bucks County, has appealed to this court from the final adjudication of

the township's board of supervisors on July 31, 1978, after a hearing, that he should be suspended without pay for 77 days. Petitioner Haupt seeks to have the suspension reversed on various grounds. Respondent township has raised new matter in its answer to petitioner's petition. Respondent therein has raised the issue that since petitioner filed his petition on September 18, 1978, more than 30 days after the adjudication, his appeal is too late and must be dismissed.

Respondent then requested this court to issue a rule on petitioner to show cause why his petition should not be quashed. The case has now proceeded to this court's attention under Bucks County Rule *266, both sides having submitted briefs addressed to the issue whether Officer Haupt's petition is timely.

The question of the timeliness of this appeal bears directly on the question of the jurisdiction of this court. The questions of timeliness and jurisdiction of the appeal are strictly matters for the legislature. Statutes dealing with such questions must be strictly observed: Bell Appeal, 396 Pa. 592, 152 A. 2d 731 (1959).

Petitioner's appeal is now controlled by sections of Title 42 of the Pennsylvania Consolidated Statutes. First, it is plain that a right of appeal exists for a petitioner to this court of common pleas from an adjudication of the board of supervisors under the Act of April 28, 1978, P.L. 202, secs. 10(12), 10(67), effective June 27, 1978, 42 Pa.C.S.A. §933(a)(2). This statutory provision confers appellate jurisdiction to common pleas courts from final orders of governmental agencies including local agency action.

It is also apparent that an aggrieved party has only 30 days after the governmental agency's adjudication in which to file an appeal. This matter is now governed by the Judicial Code, 42 Pa.C.S.A. §5571.

Section 5571 reads in pertinent part as follows:

"§5571. Appeals generally

"(a) General rule.—The time for filing an appeal, a petition for allowance of appeal, a petition for permission to appeal or a petition for review of a quasi-judicial order, in the Supreme Court, the Superior Court or the Commonwealth Court shall be governed by general rules. No other provision of this subchapter shall be applicable to matters subject to this subsection.

"(b) Other courts.—Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court *shall be commenced within 30 days after the entry of the order* from which the appeal is taken, in the case of an interlocutory or final order." (Emphasis supplied.)

The adjudication of the board of supervisors from which petitioner brings his appeal is a final order. Subsection (b) applies with its 30-day limit, since neither subsections (a) nor (c) applies. Subsection (a) would apply if this were an appeal now to another (higher) court other than a common pleas court. Subsection (c) lists specific exceptions to the general rule of subsection (b) and none of these exceptions applies.

The present petition was, however, filed under section 5 of the Act of June 15, 1951, P.L. 586, 53 P.S. §815, which reads as follows: "§815. Appeal—The suspended or dismissed employe shall have the right to appeal to the court of com-

mon pleas of the county in which he was employed." Petitioner has argued that since this statutory provision granting him the right to appeal to this court is silent as to the period in which he must file such appeal, a reasonableness standard must be used. In light of Vega Appeal, 383 Pa. 44, 117 A. 2d 736 (1955), where an appeal under section 815, supra, filed on the 59th day was found reasonable and therefore timely, it is argued petitioner's appeal filed less than 59 days from the decision below should be held to be timely.

Section 815 under which petitioner has filed his appeal is still valid. But the Local Agency Law of December 2, 1968, P.L. 1133 (repealed, effective June 27, 1978; formerly 53 P.S. §11307), had not yet been enacted at the time of Vega Appeal, supra. The legislature by its 1968 statute prescribed what the time limit for an appeal would thereafter be. Section 5571, supra, which we note again became effective June 27, 1978, carries on the impact of former section 11307. Thus section 815 is valid, but only insofar as it gives the right of appeal to petitioner.

We are, therefore, compelled to dismiss the appeal brought by petitioner, Officer Haupt, because the pertinent statutes do not give us jurisdiction to hear the appeal. Therefore, we enter the following

## ORDER

And now, July 3, 1979, Falls Township's petition to quash the present appeal of Paul Haupt is hereby granted. Paul Haupt's present appeal is hereby dismissed for lack of jurisdiction since his appeal was filed more than 30 days from the adjudication from which he appeals.