Board of Supervisors of Lower Gwynedd Township, Appellant *v.* Walter G. West, Appellee.

Argued October 5, 1979, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Curtis Wright,* with him *Jeremiah J. Cardamone,* and *Timoney, Knox, Hasson & Weand,* for appellant.

*Brian P. Sullivan,* with him *Kane, Pugh, Anderson, Subers & McBrien,* for appellee.

OPINION BY JUDGE ROGERS, December 13, 1979:

Lower Gwynedd Township (Township) has appealed from an order of the Court of Common Pleas of Montgomery County reversing the action of the Township Board of Supervisors suspending Walter West from the police force for 180 days. The court reinstated West with back pay and benefits.

During the early morning hours of May 18, 1977, West told a fellow officer, Sergeant Pierson, that "some of these guys around here are going to get hurt bad because I am not going to be there to back them up on calls." The remark was prompted by West having received a written warning from his superiors as a result of a complaint lodged by Pierson against West based on earlier unpleasantness between them. On December 23, 1977, more than seven months after the May 18 incident, West was told by superiors that he was suspended from the township police pursuant to Section 2 of the Police Tenure Act, Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §812, which pro-

vides in part that a police officer may be suspended for "(4) . . . conduct unbecoming an officer.'"[1] The Township Board of Supervisors conducted a hearing pursuant to Section 4 of the Act, 53 P.S. §814, decided that West was guilty of conduct unbecoming an officer which had an adverse effect on the police department and suspended him as earlier noted.

At the hearing on West's appeal of the supervisors' action the court heard evidence. After reviewing this evidence and that adduced at the supervisors' hearing, the court concluded that the township had failed to meet its burden of proving by clear and convincing evidence that West had engaged in "conduct which adversely affects the morale or efficiency of the bureau to which he is assigned . . . [or] any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services." *Zeber Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959). Specifically, the court had doubts concerning the motives of those who initiated the disciplinary action against West.

---

[1] The facts of this case were previously before this Court in *Lower Gwynedd Township v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 646, 404 A.2d 770 (1979). We held that West's remark constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), thereby precluding West from receiving unemployment compensation. There, however, we looked only to see whether West's conduct "must be viewed as a disregard of standards of behavior which may rightfully be expected by his employer and thus willful misconduct." 44 Pa. Commonwealth Ct. at 648, 404 A.2d at 772. In contrast, the issue in the instant proceeding was whether West's conduct constituted conduct unbecoming an officer, which is defined as conduct which "adversely affects the morale or efficiency of the bureau to which he is assigned . . . [or] has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services." *Zeber Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959).

The Township contends that the decision of the Board of Supervisors was supported by substantial evidence and was not, therefore, subject to being disturbed by the court. It relies in this regard on *City of Bethlehem v. Gawlik,* 30 Pa. Commonwealth Ct. 390, 374 A.2d 540 (1977). In *Gawlik,* however, the proceedings were those provided by Section 4408 of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §39408, which requires the reviewing court, even when it hears evidence, to sustain the municipality's findings if the evidence would warrant such findings, although the court might conclude otherwise. We are concerned here with the Police Tenure Act which gives the court discretionary power to "take additional testimony and find for itself the facts necessary to a just determination of the controversy . . . and to make its own order concerning the suspension, discharge, demotion or reinstatement of the officer." *Vega Appeal,* 383 Pa. 44, 48, 117 A.2d 736, 738 (1955). Therefore, the court here had the power to make its own findings and order. *Redo v. West Goshen Township,* 42 Pa. Commonwealth Ct. 468, 473, 477, 401 A.2d 394, 397-99 (1979).

The record reveals that the court neither abused its discretion nor committed an error of law. The court's finding that the motives of the initiators of the complaint against West were suspect finds support in the facts that (1) West had previously brought an action against the Township for failure to promote him in accordance with the Military Code, 51 Pa. C.S. §7104; (2) there was evidence of ill feeling between West's brother and West's superiors; (3) seven months elapsed before charges were brought against West; and (4) West's superiors never questioned West about the May 18 incident prior to suspending him. Further, the additional evidence heard by the court was that Pierson, West's accuser, told a fellow em-

ployee that "he [Pierson] did not even think twice" about West's remark. Other officers testified that they did not doubt that West would assist them when needed. Although some of West's superiors testified that West's remark may have had .an adverse effect upon some police officers, the court had the power after weighing all of the evidence to find otherwise. *Soergel v. Board of Supervisors of Middlesex Township*, 12 Pa. Commonwealth Ct. 311, 314, 316 A.2d 89, 91 (1974). Moreover, the record includes no instance of West's failing to back up a fellow officer. Therefore, the court properly concluded that the Township failed to carry its burden of proving that West's remark adversely affected the morale or efficiency of the police force.

Accordingly, we enter the following:

### ORDER

AND Now, this 13th day of December, 1979, the order of the Court of Common Pleas of Montgomery County, No. 78-08343, directing the reinstatement of Police Officer Walter West to the Lower Gwynedd Township Police Department with full back pay and benefits, is hereby affirmed. The Township shall, of course, be entitled to credit for West's earnings at other employment during his suspension.