In Re: Betty M. England, t/a Park Confectionary Restaurant etc. Uniontown Area School District, Appellant.

Argued October 7, 1982, before Judges Rogers, Williams, Jr. and Doyle, sitting as a panel of three.

*Herbert Margolis, Buck, Margolis, Mahoney & George,* for appellant.

*Gary F. DiVitto,* with him *Ernest P. DeHaas* and *Bernard B. Klein, Coldren & Coldren,* for appellee.

Opinion by Judge Rogers, December 20, 1982:

Betty M. England, owner of the Park Confectionary filed an application with the Pennsylvania Liquor Control Board (LCB) for the transfer to her and to her premises of a restaurant liquor license. The Uniontown Area School District filed an objection to the transfer. After a hearing, the LCB refused the transfer, finding without elaboration that the applicant's premises was within 300 feet of a school and

that the license at the new location would adversely affect the welfare, health, peace and morals of the neighborhood within 500 feet. The applicant did not appeal, but she requested the LCB to reconsider her application. The Board thereupon rescinded its earlier order and approved the transfer, explaining only that "[a]fter carefully reconsidering all of the facts in this case, the Board decided that the Order refusing the application for transfer of restaurant liquor license should be rescinded."

The School District appealed the second order to the Court of Common Pleas of Fayette County, which heard evidence additional to that heard by the LCB and by opinion containing findings of fact and a discussion of the evidence held that the evidence of record supported the LCB's decision to approve the transfer, that the LCB had not committed an abuse of discretion in granting the license and that its action should therefore be sustained.

The School District contends that the LCB, having first refused the transfer, committed an abuse of discretion when it issued a second order granting it without findings of fact or a statement of reasons.

Section 4-464 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. 4-464 provides in pertinent part that the lower court:

> [s]hall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved, at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain or overrule the action of the board. . . .

Where the LCB fails to make findings of fact after a hearing resulting in the transfer of a license, the trial court, on appeal, may make its own findings, as the court in this case did. *See Weiss Liquor License Case,* 187 Pa. Superior Ct. 89, 142 A.2d 385 (1958). The

School District nevertheless says that the LCB's failure to make findings and state reasons for granting the transfer after having first refused it was such an abuse that the second action should have been overruled on that ground. It says that *Cialella Liquor License Case,* 191 Pa. Superior Ct. 526, 159 A.2d 64 (1960) and *Club Oasis Liquor License Case,* 200 Pa. Superior Ct. 439, 188 A.2d 792 (1963) support this proposition. We think not. Analysis of the cases reveals that they stand not for the proposition that an LCB order granting a license or transfer without reasons, after first refusing it, must be reversed as an abuse of LCB's discretion but, somewhat to the contrary, that the trial court reviewing de novo a second order overruling the first without making findings or giving reasons may take evidence, make its own findings, state its reasons and overrule the Board's action granting the license or transfer as an abuse of the LCB's discretion. *A fortiori* in such a case the court may make findings, state its reasons and sustain the Board's action granting the license or transfer. It is true that in the cases cited comments critical of the LCB's failure to make findings and provide a statement of reasons when performing a *volte-face* are made in these cases; but none says that this failure alone requires a reversal of the LCB's action and the refusal of the transfer to an applicant who has made a case supporting it and who bears no responsibility for LCB's failure fully to explain its action.

The School District's contention that the LCB committed an abuse of discretion in approving the transfer on reconsideration without hearing new evidence is without merit. The School District appears not to have asked the LCB to take evidence; instead it appealed the LCB's order and adduced evidence at the de novo hearing provided by the trial court.

Order affirmed.

430

## ORDER

AND Now, this 20th day of December, 1982, the order of the Court of Common Pleas of Fayette County, dated December 15, 1981 is hereby affirmed.