In Re: Application of El Rancho Grande, Inc. El Rancho Grande, Inc., Appellant.

Argued September 14, 1983, before Judges Wil-liams, Jr., Doyle and Barbieri, sitting as a panel of three.

*George Stenhach,* with him *Walter Stenhach, Sten-hach & Stenhach Law Offices,* for appellant.

*Clifford A. Rieders, Murphy, Mussina, Harris, Travis, Rieders & Humphrey,* for appellee.

OPINION BY JUDGE DOYLE, December 1, 1983:

This is an appeal from the order of the Potter County Court of Common Pleas which reversed the Liquor Control Board's decision to grant a resort area liquor license to El Rancho Grande, Inc. (Appellant).

After a hearing on September 22, 1978, the Liquor Control Board granted the Appellant a liquor license for its premises in Portage Township, Potter County. Several licensees[1] from Portage Township, Potter County attempted to appeal the Board's decision and were denied standing by an order of the Potter County Court of Common Pleas. On appeal, the Supreme Court reversed the trial court's order[2] and remanded for a consideration of the merits. The matter was returned to the Potter County Court of Common Pleas,[3] which held a de novo hearing in which additional evidence was taken. After reviewing this evidence together with that submitted before the Board, the trial court reversed, concluding that Appellant had failed to establish the existence of a resort area and that the Board committed an abuse of discretion in granting a

---

[1] Jack Stevens, Daniel Galeotti, Tom Glurer, Joseph Studder and Robert Warringer. In addition, the Tioga-Potter Tavern Owners Association was a named party.

[2] *In Re Application of El Rancho Grande, Inc.*, 51 Pa. Commonwealth Ct. 410, 414 A.2d 751 (1980), *vacated* 496 Pa. 496, 437 A.2d 1150 (1981). The Supreme Court held that the five liquor license holders had standing to pursue their appeal, but that the Tioga-Potter Tavern Owners Association lacked standing.

[3] The Supreme Court remanded the case to the Commonwealth Court for consideration on the merits. Because the merits had not been addressed by the trial court, the Commonwealth Court further remanded to the Court of Common Pleas by an order dated January 29, 1982.

liquor license on this basis. Appellant appeals from this decision.

De novo review of the Board's decision to grant a liquor license by the Court of Common Pleas is subject to the limitation that the common pleas court may reverse only if the Board has committed a clear abuse of discretion or facts elicited at the de novo hearing differ from those found by the Board. *Application of Hohl*, 20 Pa. Commonwealth Ct. 490, 342 A.2d 493 (1975). In the present case the court of common pleas found a clear abuse of discretion in the Board's granting of a resort area liquor license where the evidence before it was insufficient to support the existence of a resort area.[4]

Section 4-461(b) of the Liquor Code[5] permits the Board to increase the number of liquor licenses above the established quota for any municipality located in a resort area. To be classified as a resort area, a municipality must have a seasonal influx of a large number of temporary inhabitants. *Appeal of Birchwood Center, Inc.*, 43 Pa. Commonwealth Ct. 517, 403 A.2d 155 (1979). There must be specific evidence which

---

[4] The Potter County Court of Common Pleas both denied the license on the basis of the evidence before it, and, alternatively, reversed the Board's decision on the basis of the Board's abuse of discretion. The uncertainty concerning the proper scope of review resulted in part from the Board's failure to file an opinion upon the granting of a liquor license. *See* Section 464 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-464. The Court was therefore compelled to take evidence and make its own findings of fact. *Uniontown Area School District Appeal*, 70 Pa. Commonwealth Ct. 426, 453 A.2d 380 (1982). Although new evidence was taken, it did not differ from that taken before the Board, and it was the evidence before the Board upon which the Court based its decision. *Compare Appeal of Daras*. Therefore, we find it more appropriate to consider the court's decision as one reversing the Board on the basis of abuse of discretion, and shall review it accordingly.

[5] 47 P.S. §4-461(b).

establishes the following: 1) the number and size of the recreational facilities in and around the municipality, 2) their proximity to the applicant's place of business, 3) the seasons during which the facilities are used and 4) the actual number of non-residents occupying them. *Birchwood; Aiello Liquor License Case*, 41 Pa. Commonwealth Ct. 345, 399 A.2d 154 (1979); *Petition of the Springdale District Sportsmen's Association*, 20 Pa. Commonwealth Ct. 479, 342 A.2d 802 (1975).

A review of the record before the Board indicates that evidence was presented which established that Potter County offered recreational activities, including hunting, fishing, skiing, snowmobiling and specially scheduled events. There was, however, no specific evidence presented regarding the extent of these activities. The Appellant failed to offer evidence establishing the size of the facilities available for these activities and the seasons during which they are used. Similarly, little evidence was presented regarding the actual number of persons attracted to these facilities, and what evidence there was failed to indicate the percentage of non-residents involved. Therefore, we conclude that the evidence before the Board was insufficient to establish the existence of a resort area under the applicable case law.

Appellant contends that the trial court should not have reviewed the evidence concerning the existence of a resort area because this issue had been waived by the Board's enforcement officer, who conceded at the Board hearing that the area was a resort area. Clearly, the Board cannot waive a relevant issue by conceding it at hearing by the testimony of one of its employees. The burden remains upon the Appellant to establish the existence of a resort area. *Appeal of Daras*, 65 Pa. Commonwealth Ct. 456, 442 A.2d 859

(1982) ; *Appeal of Brandywine Valley Inn, Inc.*, 53 Pa. Commonwealth Ct. 203, 417 A.2d 823 (1980).

The trial court was correct in concluding that the Board committed a clear abuse of discretion in granting the resort area liquor license. Accordingly, we affirm its decision.

### ORDER

Now, December 1, 1983, the order of the Potter County Court of Common Pleas in the above referenced matter, dated September 7, 1982, is hereby affirmed.