519 A.2d 540

Thomas Pendergast, Appellant *v.* City of Hazleton and James A. Paisley, Appellees.

. Argued September 11, 1986, before Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*Anthony C. Busillo, II, Mancke, Lightman & Wagner,* for appellant.

*James A. Schneider,* for appellees.

OPINION BY JUDGE CRAIG, December 22, 1986:

Thomas Pendergast appeals from an order of the Court of Common Pleas of Luzerne County which affirmed the City of Hazleton's decision to suspend and discharge Mr. Pendergast from the city's police department for violating department regulations. We affirm.

Mr. Pendergast was employed by the city as a police officer. On November 4, 1982, city council issued a resolution suspending Mr. Pendergast for ten days for failing to provide a physician's certificate following a two day absence and for fifteen days for failing to obey a directive. Mr. Pendergast appealed from that resolution to the trial court.

On December 30, 1983, city council issued eleven resolutions finding Mr. Pendergast guilty of violating department regulations, by failing to: appear for write-ups, pay parking fines, perform traffic duty, report for duty, report for duty at his scheduled time, notify the shift supervisor of his intention to return to duty after sick leave, be at his designated foot patrol area, be out in the intersection directing traffic on three occasions, and obey an order to sign a directive. City council discharged Mr. Pendergast for three of the above stated violations, failing to be out in the intersection on two occasions and refusing to obey an order to sign a directive. Mr. Pendergast appealed from those resolutions to the trial court. The trial court consolidated the two appeals.

On appeal, Mr. Pendergast raises two issues. The statement of questions involved, in the brief, reads as follows:

Whether the adjudications rendered by the City of Hazleton are procedurally and constitutionally defective due to their failure to contain findings of fact and required conclusions of law?

Whether the city reasonably concluded that the charges resulting in appellant's dismissal were supported by evidence of record?

Although Mr. Pendergast, in the body of his brief, has argued additional issues regarding his suspension, he did not preserve those issues because he failed to state them as an issue in the statement of questions involved. Pa. R.A.P. 2116(a) reads:

The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. . . . This rule is to the highest degree mandatory, admitting of no exception; ordinarily *no point will be considered which is not set forth in the statement of questions involved or suggested thereby.* . . . (Emphasis added.)

Thus, the additional issues regarding Mr. Pendergast's suspensions were not preserved as required by the rule. Therefore, this court is bound by the trial court's decision that there was substantial record evidence to support city council's suspensions of Mr. Pendergast.

In addressing the first issue quoted above,[1] whether the trial court erred in not setting aside city council's

---

[1] The city contends that Mr. Pendergast failed to preserve The Local Agency Law issue for appeal because he did not appeal the trial court's March 29, 1985 order, which stated that the court would hear the charges against Mr. Pendergast *de novo*, consistent with The Third Class City Code. Contrary to the city's contention, we do not perceive Mr. Pendergast's position to be that The Local Agency Law governs exclusively.

resolutions, we agree with Mr. Pendergast's contention that city council's resolutions constituted an adjudication within the meaning of The Local Agency Law, 2 Pa. C. S. §555. Therefore, city council was required to make findings of fact and state the reasons for its decisions. *Kretzler v. Ohio Township,* 14 Pa. Commonwealth Ct. 236, 322 A.2d 157 (1974).

However, section 12 of The Third Class City Code, Act of June 23, 1931, P.L. 932, 53 P.S. §39408, expressly authorizes the trial court to hear the charges made against a suspended or discharged police officer *de novo.* That section provides:

> . . . Any civil service employe aggrieved by the action of the council in fining, suspending or discharging him shall have the right to appeal by petition to the court of common pleas within thirty days after the suspension or after receipt of written notice of such action by council which it shall be the duty of the council to give and the court shall hear the charges made against him de novo. The issue before the court shall be whether the action of the council shall be affirmed or be modified in any respect or whether the charges should be dismissed or whether the suspension made by the director shall be affirmed or rescinded. . . .

53 P.S. §39408.

In *Uniontown Area School District Appeal,* 70 Pa. Commonwealth Ct. 426, 453 A.2d 380 (1982), this court, in interpreting section 464 of the Liquor Code,[2]

---

[2] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-464. Section 464 reads, in part:

> . . . Any applicant who has appeared before the board of any agent thereof at any hearing, as above provided, who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license may ap-

which expressly authorizes the trial court to conduct a *de novo* hearing on liquor license applications, stated that "[w]here the LCB [Liquor Control Board] fails to make findings of fact after a hearing resulting in the transfer of a license, the trial court, on appeal, may make its own findings. . . ." *Uniontown Area School District*, 70 Pa. Commonwealth Ct. at 428, 453 A.2d at 381.

Because the statutory language of section 464 of the Liquor Code is similar to the statutory language of section 12 of The Third Class City Code, *Uniontown Area School District* provides guidance for the interpretation of section 12 of The Third Class City Code. Blacks Law Dictionary, 649 (5th ed. 1979), defines a *de novo* hearing as, "[g]enerally, a new hearing or hearing for the second time, contemplating an entire trial in [the] same manner in which [the] matter was originally heard and a review of previous hearings." Because the trial court heard the charges made against Mr. Pendergast *de novo,* making findings of fact and resolving credibility determinations, we hold that the trial court's actions cured city council's failure to make findings of fact and state the reasons for its adjudications. Accordingly, the trial court committed no error in not setting aside city council's resolutions.

The second issue is whether the charges which resulted in Mr. Pendergast's discharge, the failure to be out in the intersection directing traffic on two occasions and the refusal to obey an order to sign a directive, are

---

peal. . . . The court shall hear the application *de novo* on questions of fact, administrative discretion and such other matters as are involved. . . . The court shall either sustain or over-rule the action of the board and either order or deny the issuance of a new license or the removal or transfer of the license to the applicant. . . .

47 P.S. §4-464.

supported by substantial record evidence.[3] Mr. Pendergast contends that the traffic-directing charges are not supported by substantial evidence because his testimony and that of Officer Shellhamer directly contradicts the testimony of Chief Farnell. However, that matter involves only a credibility determination which is within the discretion of the trier of facts; a reviewing court may not reverse a trial court's ruling merely because it differs with the trial court's credibility determination. *Davis v. City of Connellsville,* 49 Pa. Commonwealth Ct. 106, 410 A.2d 937 (1980).

Mr. Pendergast next argues that if this court affirms the trial court's decision, we will directly contravene the Pennsylvania Unemployment Compensation Board of Review's finding that he did not violate the department's regulation. The issue before the board was whether Mr. Pendergast's actions constituted willful misconduct. However, the issue here is whether there is substantial evidence to support Mr. Pendergast's discharge. What constitutes willful misconduct for the purposes of unemployment compensation benefits is different from what constitutes just cause for a discharge. *See Board of Supervisors of Lower Gwynedd Township v. West,* 47 Pa. Commonwealth Ct. 646, 409 A.2d 465 (1979).

Mr. Pendergast further argues that he was justified in refusing to obey the order to sign a directive because the department unreasonably refused to give him a copy of the regulation before he would sign the directive. Again, Mr. Pendergast relies on the board's finding, in the unemployment compensation case, that he

---

[3] Where, as here, the trial court has conducted a *de novo* hearing, this court's scope of review is limited to a determination of whether the trial court has abused its discretion or committed an error of law. *City of Bethlehem v. Gawlik,* 30 Pa. Commonwealth Ct. 390, 374 A.2d 540 (1977).

562

had good cause not to sign the directive. For the reasons stated above, we reject this argument.

Because there is substantial record evidence to support city council's decision to discharge Mr. Pendergast, the trial court did not err in affirming city council's resolutions.

Accordingly, the order to the Court of Common Pleas of Luzerne County is affirmed.

ORDER

Now, December 22, 1986, the order of the Court of Common Pleas of Luzerne County, at Nos. 2769-C of 1982, 4196-C of 1982, and 333-C of 1984, dated November 6, 1985, is affirmed.