**In re Dennis Thomasik, License no. E-5173**

*Kenneth W. Makowski,* for the Liquor Control Board.

*A.T. Gillespie Jr.,* for appellant.

DAVISON, *J.*, April 3, 1989 — We have before us for consideration the appeal of Dennis Thomasik, owner of V.C.'s Soup'r Sandwiches, 3300 Lehigh Street, in the South Mall in western Salisbury Township, Lehigh County, Pennsylvania, from the decision of the Pennsylvania Liquor Control Board on September 16, 1988, denying Thomasik's application for a retail dispenser's license for an eating place.[*]

We begin with a determination of the appropriate standard of review. Section 471 of the Liquor Code, 47 P.S. §4-471, provides:

"[T]he court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, based upon the findings of fact and conclusions of law as found by the court."

Our Supreme Court has recently concluded that the role of the trial court in appeals cases is to conduct a de novo review, and in the exercise of its statutory discretion, make its own determination of the facts and applicable law, regardless of whether the court hears new evidence or merely reviews the evidence presented to the board. *Adair v. Pa. Liquor Control Board,* 519 Pa. 103, 114, 546 A.2d 19, 25 (1988).

In the case sub judice, no factual dispute existed, Thomasik waived his right to a board hearing, and therefore, the board's decision was based solely on Thomasik's application and the board's interpretation of section 461 of the Liquor Code. As both sides agreed to a stipulation of facts before this court, and no new evidence was presented, we now have before us de novo a question of statutory interpre-

---

[*] An eating place license is one of several types of retail dispenser licenses; others include restaurant, club, distributor and hotel licenses.

tation, relating to Thomasik's application, the stipulated facts, and the board's findings of fact.

The following findings of fact were made by the board:

"(1) The application has been filed under the provisions of section 461 of the Liquor Code, which provides that one retail license of any class, exclusive of licenses granted to airport restaurants, municipal golf courses, hotels, privately owned public golf courses and clubs, may be granted for each part of a municipality which is separated by another municipality.

"(2) The separate portion of Salsbury [sic] Township, Lehigh County, for which the new retail dispenser eating place license is sought, currently has one restaurant license in effect, which closes the quota specified under section 461 of the Liquor Code.

"(3) By letter dated September 16, 1988, the board denied the licensee's application, as the quota is filled and its granting was barred by section 461 of the Liquor Code."

In framing his argument, appellant relies exclusively upon the fact that Salisbury Township is a split municipality, in which the fourth and fifth wards (commonly referred to as western Salisbury) do not physically touch the first, second and third wards. He contends that the legislature added a provision to section 461 purporting to allow residents of each portion of a split municipality to have the same rights to consume or purchase alcoholic beverages as the residents of the other portion:

"§4-461. *Limiting number of retail licenses to be issued in each municipality* —

"(a) No license shall hereafter be granted by the board for the retail sale of malt or brewed beverages or the retail sale of liquor and malt or brewed

beverages in excess of one of such licenses of any class for each two thousand inhabitants in any municipality, exclusive of licenses granted to airport restaurants, municipal golf courses, hotels, privately owned public golf courses, as defined in this section, and clubs; but at least one such license may be granted in each municipality and in each part of a municipality where such municipality is split so that each part thereof is separated by another municipality. . . . "

Appellant's counsel resourcefully argues that even though two restaurant licenses already existed in western Salisbury Township at the time of his application, he is entitled nonetheless to acquire an eating place license on the theory that each part of a split municipality is entitled to at least one license of each class.

The rather novel question of statutory interpretation involves the meaning of the phrase "of any class" in section 461 of the Liquor Code.

Two types of licenses are mentioned in 47 P.S. §4-461(a), namely, licenses which permit the retail sale of malt or brewed beverages *and* licenses which permit the retail sale of liquor and malt or brewed beverages. The words "one such license of any class" follow and refer to the delineation of these two categories.

A retail dispenser's license for an eating place, as defined in 47 P.S. §1-102, permits the retail sale of malt or brewed beverages only. A restaurant liquor license allows the sale of liquor in addition to malt or brewed beverages. *Id.* Upon careful review, we agree with counsel for the board's argument that the plain meaning of the clause "in excess of one such license of any class" is that a retail dispenser's license for an eating place and a restaurant liquor license are

both licenses which count against the quota for each municipality or section of a municipality that is physically split off from the rest.

Since two restaurant licenses exist in western Salisbury Township, section 461 prohibits the granting of retail dispenser's license for an eating place. This was the finding of the board, and we likewise perceive the statutory language to be clear and unambiguous. If the statutory language consisted of "each class," as appellant appears to suggest, rather than "any class," a different interpretation would be possible, but as it stands, "the statute must be given its plain and obvious meaning." *In re Pittsburgh Beer Corp.*, 216 Pa. Super. 71, 77, 260 A.2d 493, 495 (1969). This interpretation is consistent with the purpose of regulatory legislation in this area which has always been to restrain, rather than promote, the sale of alcoholic beverages. That is why legislative quotas have been imposed limiting the number of licenses in municipalities. *Appeal of El Rancho Grande Inc.*, 496 Pa. 496, 506, 437 A.2d 1150, 1155 (1981), appeal after remand, 78 Pa. Commw. 592, 467 A.2d 1381. In the current mandatory jail sentence DUI era that policy seems as viable as ever.

Appellant asserts that in ruling against him, the board reversed the position it took in 1976 when it approved a restaurant liquor license in western Salisbury Township even though a club license was already in existence. A close reading of section 461 specifically excludes, for quota purposes, clubs as well as airport restaurants, municipal and privately owned public golf courses, and hotels from the general rule requiring a ratio of one license of any class for each two thousand inhabitants. See 47 P.S.

§4-461(a), *supra.* Therefore, it appears that the board was justified in granting the restaurant liquor license in 1976.

Lastly, appellant seeks to buttress his position by relying upon the asserted drafter of the split municipality language of section 461. While perhaps of interesting historical significance, the purported expression of intent is not legally persuasive. Its source is not a legislator, but an admitted drafter, and it was not arguably contemporaneous to the enactment, having been uttered some 28 years post-enactment. See 1 Pa.C.S. §1921(c)(7); *Commonwealth, Higher Education Assistance Agency v. Abington Memorial Hospital,* 478 Pa. 514, 521, 387 A.2d 449, 444 (1978). See also, *Hoffman v. Pennsylvania Crime Victim's Compensation Board,* 46 Pa. Commw. 54, 58, 405 A.2d 1110, 1112 (1979) (remarks or understanding of individual representative not binding when endeavoring to ascertain legislative intent); *In re Tarlo's Estate,* 315 Pa. 321, 172 Atl. 139 (1934) (views of drafter not entitled to great weight in determining meaning).

Accordingly, finding that applicable law, as passed by the legislature, does not support appellant's position, we are obliged to sustain the decision of the Pennsylvania Liquor Control Board and dismiss this appeal.

## ORDER

Now, April 3, 1989, upon consideration of the briefs of counsel and after argument thereon, and for the reasons expressed in the accompanying opinion, it is ordered that the appeal of Dennis Thomasik from the decision of the Pennsylvania Liquor Control Board is hereby denied and dismissed.