**CODORUS STONE & SUPPLY CO., INC., Appellant,**

v.

**Alan C. KINGSTON**

v.

**EAST MANCHESTER TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1997.

Decided April 22, 1998.

Adam J. Schultz, Syracuse, for appellant.

Jack M. Stover, Harrisburg, for appellee, Alan Kingston.

William H. Poole, Jr., for appellee, East Manchester Township.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Codorus Stone & Supply Co., Inc. (Codorus) was granted permission by this Court to appeal from the order of the Court of Common Pleas of York County that granted the appeal of Alan C. Kingston from the decision of a Board of View approving an ordinance adopted by the Board of Supervisors (Super-

visors) of East Manchester Township (Township) to relocate a road. The common pleas court directed that the matter be returned for an independent determination by a new Board of View after conducting new proceedings in which the record made before the Supervisors would not be made part of the record before the Board of View. Codorus questions whether the common pleas court erred in concluding that an otherwise de novo proceeding before the Board of View was fatally flawed because the Board admitted into evidence the record of the proceedings before the Supervisors.

### I.

After conducting several hearings, the Supervisors adopted Ordinance # 8–31–94 (Ordinance) on December 31, 1994. It provided for vacating a portion of Dellinger Road and relocating it several hundred yards to the east. Kingston's property abuts on the north a roughly rectangular area, owned by Codorus; the western and northern sides are defined by the present Dellinger Road running straight north from Mundis Race Road and then making a sharp right turn. The Ordinance provides for relocating this portion of Dellinger Road so that it runs north along the eastern side of this rectangle and makes a much less sharp right turn before rejoining the existing road and continuing on in a northeasterly direction.

In January 1995 Kingston filed exceptions to the Ordinance, and the common pleas court appointed a Board of View to review the Ordinance and the exceptions pursuant to the former version of Section 1102 of The Second Class Township Code.[1] The question of whether the Board of View would permit the Township to enter the record made before the Supervisors into evidence in the hearing before the Board of View was the subject of a pre-hearing conference in the summer of 1995, and the Chairman ruled that the Board of View would accept that

record. At the hearing before the Board of View on December 13, 1995, the Township entered into evidence, over Kingston's objection, certification that the record made before the Supervisors and docketed with the common pleas court was authentic; it then rested its case.

Kingston called one of the three Supervisors and the Township Engineer, and he then testified. The Board of View heard a total of 10 witnesses, it admitted additional exhibits into the record and counsel presented legal argument and submitted briefs. On October 31, 1996, the Board of View issued its decision, which included 33 numbered findings of fact. The Board of View determined that vacating and relocating the portion of Dellinger Road in question was necessary, because of its substandard and dangerous condition; that the proposal in the Ordinance was financially prudent because Codorus had offered to donate the land and to construct the new road at its cost; and that the Township had complied with applicable provisions of The Second Class Township Code.

Kingston filed exceptions with the common pleas court, seven of which related to his claim that the Board of View improperly admitted the record made before the Supervisors and that, without such evidence, the Township had not met its burden to prove that the relocation was necessary. The common pleas court agreed that a proper de novo proceeding had not taken place before the Board of View and therefore ordered that the matter be returned for an independent determination before a new Board of View. The court amended its order to include a statement that a question of law was involved as to which there was substantial grounds for difference of opinion and that an immediate appeal might materially advance the ultimate termination of the matter. *See* Section 702(b) of the Judicial Code, *as amended,* 42 Pa.C.S. § 702(b). This Court

---

1. Act of May 1, 1933, P.L. 103, *as amended,* added by Section 16 of the Act of July 10, 1947, P.L. 1481, 53 P.S. § 66102. The content of Section 1102 was amended slightly and added as Section 2305 of The Second Class Township Code, 53 P.S. § 67305, and Section 1102 was rewritten to address entirely unrelated subject matter, by Section 1 of the Act of November 9, 1995, P.L. 350. Because the renumbering became effective before the Board of View issued its decision on October 31, 1996, the Court agrees with the Board of View's citation to 53 P.S. § 67305.

thereafter granted permission for Codorus to appeal. *See* Pa. R.A.P. 312 and Pa. R.A.P. 1311.

## II.

The statutory basis for the proceeding before the Board of View is found in 53 P.S. § 67305(c), which provides:

Any resident or property owner affected by the ordinance may within thirty days after the enactment of the ordinance of the board of supervisors, upon entering in the court sufficient surety to indemnify the board of supervisors for all costs incurred in the proceedings, file exceptions to the ordinance together with a petition for a review. Upon receipt of the exception and surety, the court of common pleas shall appoint viewers from the county board of viewers for the purpose of reviewing the ordinance and exceptions thereto.

The common pleas court and Kingston rely principally upon three cases in concluding that the proceeding before the Board of View was fatally flawed.

The case of *In re Vacation of Portion of Township Road 164,* 102 Pa.Cmwlth. 80, 518 A.2d 2 (1986), concerned a proceeding before a board of viewers under the former version of 53 P.S. § 66102. The Court stated that the 1947 amendatory act adding this Section modified to a limited extent existing procedures for opening or vacating roads under the General Road Law, Act of June 13, 1836, P.L. 551, and its supplemental acts, 36 P.S. §§ 1761—3588. Further, the Court stated that under the General Road Law:

[T]he Board of Viewers, appointed by the common pleas court for the purpose of reviewing the ordinance and exceptions thereto, does not review the action of the supervisors as would an appellate body; rather their function is to exercise independent judgment in a *de novo* evidentiary proceeding and to determine the propriety of the ordinance to which exception has been taken.

*Id.,* 518 A.2d at 4. The board of viewers rejected certain exceptions as untimely, and this Court affirmed the trial court's decision that such rejection could not be sustained where there had been no hearing to determine the date of the ordinance, the date of its filing and whether the affected property owners received statutorily required written notice of the hearing before the supervisors.

More recently, in *Matter of Jackson Township Ordinance 91–103,* 164 Pa.Cmwlth. 135, 642 A.2d 564 (1994), township supervisors appealed from an order of the common pleas court affirming the determination of a board of viewers that an ordinance vacating a portion of a township road should be vacated and the road re-opened. The supervisors argued that the board of viewers erred in exercising a de novo evidentiary review over the supervisor's legislative action. This Court, relying upon *In re Vacation of Portion of Township Road 164,* rejected that position and stated that the board of viewers does not review the action of the supervisors as would an appellate body but rather conducts a de novo evidentiary review of the circumstances of the vacation for the purpose of determining whether, on the facts found by the board, the vacation of the road was necessary.

Finally, the common pleas court and Kingston both find support in *Commonwealth v. Funk,* 323 Pa. 390, 186 A. 65 (1936). There, after a licensee was acquitted on criminal charges of driving under the influence, the Secretary of Revenue exercised statutory authority and held a hearing and suspended the licensee's driver's license for one year. On appeal to the common pleas court, the same judge who acquitted the licensee rescinded the suspension. On the question of whether the hearing before the common pleas court was de novo or for a review the record, the Supreme Court quoted the former Section 616 of The Vehicle Code, Act of May 1, 1929, P.L. 905, *as amended, formerly* 75 P.S. § 193, repealed by Section 1501 of the Act of April 29, 1959, P.L. 58. That section required the court "to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension. . . ." From that language, the Supreme Court concluded that the duty of the trial court was "to hear de novo the witnesses of the commonwealth and the witnesses of the licensee, and, from the testimony taken, to determine anew whether the

operator's license should be suspended." *Funk,* 323 Pa. at 399, 186 A. at 69. The Supreme Court held that because the proceedings were not in the nature of a certiorari or a review for abuse of discretion, the common pleas court erred in requiring the testimony taken before the Secretary of Revenue or his representative to be made part of the record.

Codorus agrees that *Matter of Jackson Township* applies and that it requires de novo review by the Board of View. Codorus argues, however, that de novo review does not necessarily require a completely new presentation of all the evidence. First, Codorus refers to this Court's recent decision in *Gresock v. City of Pittsburgh Civil Service Comm'n,* 698 A.2d 163 (Pa.Cmwlth.1997), where the Court noted that it had previously defined a de novo hearing in *Pendergast v. City of Hazleton,* 102 Pa.Cmwlth. 556, 560, 519 A.2d 540, 542 (1986) (quoting Black's Law Dictionary 649 (5th ed.1979)), *appeal denied* 515 Pa. 626, 531 A.2d 433 (1987), as " 'a new hearing or hearing for the second time, contemplating an entire trial in [the] same manner in which [the] matter was originally heard and a review of previous hearings'." For proceedings before the trial court to be de novo under this definition, the trial court must "conduct proceedings with the attributes of the fact finding process, for example, the admission of documentary and testimonial evidence, conducting direct and cross-examination, and making credibility determinations, *and must conduct a review of the adjudicatory process below.*" *Gresock,* 698 A.2d at 166 (emphasis added).

Codorus emphasizes that in certain circumstances de novo review may take place without the receipt of any additional evidence. The issue before the Supreme Court in *Belasco v. Board of Public Education of School Dist. of Pittsburgh,* 510 Pa. 504, 510 A.2d 337 (1986), was the nature of the review by the Secretary of Education (Secretary) of a termination or suspension of a professional

employee by a local school board, pursuant to Section 1131 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1131.[2] The Secretary had reversed the termination of two teachers. The Supreme Court held that under Section 1131 the Secretary must be and is vested with authority to exercise broad de novo review, whether the Secretary takes additional testimony or, within his or her discretion, merely reviews the official record of the proceedings before the school board. In so holding, the Supreme Court overruled *Strinich v. Clairton School Dist.,* 494 Pa. 297, 431 A.2d 267 (1981), *cert. denied,* 456 U.S. 982, 102 S.Ct. 2254, 72 L.Ed.2d 860 (1982), which had held that that the Secretary's review encompassed aspects of both de novo and appellate review and that if the Secretary did not take additional testimony, he or she was limited to conducting appellate review.

## III.

This Court agrees with Codorus that the lesson from these cases is that there is no one procedure that constitutes de novo review. Pursuant to particular statutes, procedures run the gamut from excluding all previous testimony to permitting the adjudicator, in his or her discretion, to receive no additional testimony. The *sine qua non* of de novo review is not that the person or body conducting the review hear testimony anew; rather it is that such person or body possess and exercise the authority to arrive at an independent judgment on the matter in dispute. The Court notes that 53 P.S. § 67305 states only that an appointed Board of View must "review the ordinance and the exceptions thereto." Nothing in this language gives rise to an inference that the record before the Supervisors must be excluded from the proceedings before the Board of View. Where specific statutory language such as that involved in *Funk* does not constrain

2. Section 1131 provides for an appeal to the Secretary, the fixing of a date of hearing and *provision* of written notice. Also:
    The [Secretary] shall review the official transcript of the record of the hearing before the board [of school directors], and may hear and consider such additional testimony as he may deem advisable to enable him to make a proper order. At said hearing the litigants shall have the right to be heard in person or by counsel or both.

the de novo review, the Court believes that the general definition discussed in *Gresock* and *Pendergast* applies. Under that definition, the Board of View did not err by admitting into evidence the record made before the Supervisors.

In addition, this Court agrees that the hearing before the Board of View had the attributes of the fact finding process. The Township was the party with the overall burden of persuasion to show necessity for vacating the disputed portion of Dellinger Road, and it had the initial burden to go forward to make out its case. *Matter of Jackson Township.* Contrary to Kingston's assertion that the Board of View ruled that the Township had made out its prima facie case, the statement of the Chairman at the hearing that the burden had shifted to others to go forward simply reflected that the party with the initial burden had rested its case. Once the Township rested, it became incumbent on others to go forward if the hearing were to proceed. Kingston and Codorus did so by calling witnesses and offering exhibits, and a substantial new record was created. Further, Kingston was aware of the Township's intention to submit the record before the Supervisors into evidence, and he had the power to subpoena any witness who had appeared in the earlier hearing. Kingston did subpoena all three Supervisors; he called only one Supervisor as a witness.

Finally, after reviewing the decision of the Board of View, the Court sees no indication that the Board of View believed that it should function in an appellate role or that it did so. The Board of View made extensive independent findings of fact; it analyzed the legal issues involved and resolved them and it arrived at its own determination. The common pleas court in the present case therefore erred in concluding that, because the Board of View serves no appellate function, *Matter of Jackson Township,* it was required to hear all of the testimony anew. Accordingly, the Court reverses the order of the common pleas court.

*ORDER*

AND NOW, this 22nd day of April, 1998, the order of the Court of Common Pleas of York County is reversed, and the report of the Board of View dated October 31, 1996 is reinstated.

LEADBETTER, J., did not participate in the decision in this case.