## Norristown Borough Petition

*Julian W. Bernard,* for borough.
*Christy, Harry & Jones,* for protestants.

PER CURIAM, February 4, 1952.—The Borough Council of Norristown, by a majority vote, petitioned this court for the right to levy additional millage greater than 15 mills (namely, two additional mills) upon real estate for general tax purposes. The application was filed and due public notice given of time and place of hearing. This hearing was held on January 18, 1952, and no one appeared to protest. Shortly thereafter counsel for the Norristown Real Estate Board, Inc., and several property owners notified the court that they desired to protest. On January 23, 1952, a petition for a rehearing was filed and allowed, because of the great importance to all property owners in the borough. Thereafter, on Friday, February 1, 1952, a complete rehearing was held before the full court and evidence was heard on behalf of the borough and also of protestants.

The tax rate in the Borough of Norristown for 1951 was 15 mills for general borough purposes and an additional two mills for debt service, making a total of 17 mills. The borough council, by this petition, now requests the right to levy an additional two mills on real property for general borough purposes. This would make a total borough tax levy on real estate of 19 mills, in addition to the 30½ mills and $5 per capita tax imposed by the school district.

The petition alleges, inter alia, that all costs of government have been increasing; salaries and payrolls have advanced, and all materials, equipment and supplies have increased in price; that the borough has exhausted all available additional sources of revenue and that the five volunteer fire companies have desisted

from illegal fund-raising activities, with the result that it is necessary for the borough to appropriate to each the sum of $10,000 or a total of $50,000. In addition, the evidence shows that a promised and necessary new fire apparatus will cost $22,000 additional, making a total of $72,000 appropriation for the borough volunteer fire companies for the year 1952.

Protestants do not question any item of the 1952 proposed borough budget, amounting to $1,109,749.07, but contend that it is very dangerous to extend the real estate tax beyond the legal limit of 15 mills; that such additional levy will result in onerous, unjust and discriminatory taxes on real estate, which is already greatly overburdened with ad valorem and transfer taxes, and that a per capita tax (as has been used by the school district with success for many years on 21,266 taxables and netting over $74,000 for 1951) would be a more logical and fairer tax and every taxable would help to pay, so that real estate would not be carrying too heavy a burden.

The evidence also discloses that borough council has explored the possibility of raising additional revenue from sources other than an additional tax on real estate, the per capita tax, but council has failed to approve this method or any other revenue raising method within its power.

The Borough Code of July 10, 1947, as amended by section 4 of the Act of July 19, 1951, P. L. 1026, reënactment of section 1301, 53 PS §13391, provides that: "The council of the borough shall have power, by ordinance, to levy and collect annually, a tax, not exceeding 15 mills for general borough purposes and in addition thereto such additional millage as may be sufficient to pay interest and sinking fund charges on the indebtedness of the borough. *Where the borough council by majority action shall, upon due cause shown, petition the court of quarter sessions for the*

*right to levy additional millage, the court after such public notice as it may direct* and after hearing may order a greater rate than fifteen (15) mills, but not exceeding five (5) additional mills to be levied," etc.

It is worthy of note that a bill empowering borough councils to levy a tax on real estate for general borough purposes not exceeding 20 mills was presented to the 1951 State legislature and failed to be enacted.

While the court recognizes that executive officers of municipalities and school districts have many discretionary powers in performing their functions, ordinarily courts will not interfere with this exercise, but here, where the court's permission is requested and it is strenuously opposed by protestants, it is the duty of borough council to prove that its action is based upon due and reasonable cause; that it has exhausted all reasonable means of additional taxation within the power of the duly elected representatives of the people; that such approval is not based upon arbitrary, political or the easiest method of levying additional taxes; and that it has diligently explored and investigated all the facts necessary to form an intelligent judgment; otherwise the court will not grant its request.

The power and authority of taxation and finance rests exclusively in borough council, the elected representatives of the people, and where the court is asked for the right to levy additional millage on real estate, the burden is upon borough council to show clearly and by the preponderance of the evidence, due and reasonable cause justifying the additional millage. Here the question of due and reasonable cause has been seriously challenged by the protestants, first, because borough council has numerous sources of additional revenue-raising within its own power and authority, which it has not exhausted, and does not choose to employ; secondly, an additional real estate levy might

be placing an undue burden upon real estate, and the per capita tax has worked well for the school district, affording a broader basis for taxation; thirdly, an appropriation of $72,000 for fire protection is allotted to a special group in one year, the volunteer firemen, and borough council has the right with the majority vote of the electorate to levy a two-mill tax for the worthy purpose of fire protection, and the court should not infringe upon the right of the voters; fourthly, the court does not desire to become a super taxing body for all boroughs and townships in the county, as numerous solicitors are watching the outcome of this proceeding, so that they may file similar petitions; fifthly, borough council as the duly elected representatives of the people, should accept the responsibility of imposing any additional tax levy, rather than the court.

With these contentions advanced by protestants, we must agree. By this decision, however, we do not mean to favor the per capita tax, the street-lighting tax, fire protection tax, or any other tax. It is entirely a matter for the exercise of the broad discretionary powers of the duly elected representatives of the people, borough council, to balance the budget as it sees fit.

Let us remark, however, in passing, that in these days of inflation and the exceedingly high cost of living, the chief cause of inflation is that the Federal Government, ever since 1930, has spent more than it has taken in. It has gone into debt during 18 of the past 20 years. The greatest inflationary factor, at present, is, of course, the defense program. The millions of thrifty Americans must insist that government spending at all levels be limited to necessities and cut to the bone. Rigid economy and efficiency must be practiced. We should have balanced budgets from now on, and pay-as-you-go taxes. Economy begins at home, and individuals and governments should confine

themselves to essential expenditures and not unnecessary spending. Individuals must practice economy in living, so as to be able to pay the high cost of government. So, also, must municipalities practice economy in government.

And now, February 4, 1952, for the foregoing reasons, the prayer of the petition of the Borough Council of Norristown to levy an additional tax of two mills, over and above 15 mills, on real estate for general borough purposes, is hereby refused.