Richard F. Davis, a/k/a Richard Davis, a member of the Police Department of the City of Connellsville et al. *v.* City of Connellsville, a municipal corporation. Richard F. Davis, Dominic S. Mancuso and Raymond Martray, Appellants.

Argued December 5, 1979, before Judges WILKIN-SON, JR., BLATT and CRAIG, sitting as a panel of three.

*Mark F. Geary*, with him, *Richard S. Ombres*, for appellants.

*Paul V. Mahoney*, for appellee.

OPINION BY JUDGE CRAIG, January 29, 1980:

In this police civil service appeal involving Section 4408 of the Third Class City Code, Act of June

23, 1931, P.L. 932, *as amended,* 53 P.S. §39408, the Court of Common Pleas of Fayette County affirmed the action of the Council of the City of Connellsville discharging petitioners, three police officers. We affirm the order of Judge FRANKS of the Court of Common Pleas of Fayette County.

In April of 1975, when petitioners were serving as Connellsville police officers, the Pennsylvania State Police filed criminal charges of burglary, robbery and criminal conspiracy against them. The mayor, by letters of May 1, 1975, gave each petitioner notice of indefinite suspension without pay, pending a hearing and action by city council. Those letters replaced ten-day suspension notices issued in letters dated the day earlier.

Neither petitioners nor the city took any further action until April 7, 1977, when the city solicitor gave notice, by letters, of hearings to be held by city council on May 2, 1977, setting forth charges in greater detail. After holding the hearings, the city council issued findings and an adjudication which discharged petitioners as of May 1, 1975, which action was affirmed by the lower court.

Here petitioners raise issues concerning (1) the propriety of the indefinite suspensions pending hearing, (2) the two-year period which passed between the indefinite suspension notices and the hearings, (3) alleged absence of notice of the charges, and (4) the credibility of the testimony of alleged co-perpetrators.

The procedural issues are governed by Section 4408 of the Third Class City Code, above cited, which reads in pertinent part as follows:

> All employes subject to civil service shall be subject to suspension by the director of the department for misconduct, or violation of any

law of this Commonwealth, any ordinance of the city, or regulation of the department, pending action by the city council upon the charges made against any of such employes. On hearing before the city council, where they may be represented by counsel, they may be fined or suspended for a period not exceeding thirty days with or without pay, or they may be discharged by city council, if found guilty of the charges made against them. The director of each such department may, for misconduct or violation as aforesaid, suspend any employe of such department for a period of ten days, with or without pay, without preferring charges and without a hearing of council; but no employe shall be suspended more than one time for the identical or same violation or act of misconduct.

Did the mayor act lawfully in suspending petitioners indefinitely pending hearing by city council? Clearly the ten-day limitation applies only to disciplinary suspensions upon the sole authority of the mayor or department head as administrator, customarily labeled as ''summary'' suspensions because they are not dependent on confirmation by the governing body. The authority to suspend without definite limit, pending governing body consideration of a more severe penalty, is independently authorized by the authority of the first sentence of the section quoted above. *Zimmerman v. City of Lebanon*, 320 Pa. 581, 184 A. 652 (1936); *Kramer v. City of Bethlehem*, 5 Pa. Commonwealth Ct. 139, 289 A.2d 767 (1972).

Was the two-year delay between the notices and the councilmanic hearings fatal to the discharge actions? The Third Class City Code specifies no time

within which the hearing must be held, nor is a specific time limit imposed by judicially-enunciated principles of due process. *Sayre Land Co. v. Pennsylvania Public Utility Commission,* 167 Pa. Superior Ct. 1, 74 A.2d 713 (1950).

Here petitioners, during that two-year period, while the criminal charges against them were being prosecuted, understandably did not demand that their civil service hearing proceed. They acquiesced in the delay, which continued until the city finally proceeded to set the hearing date voluntarily.

What occurred here was not only in accordance with due process but also amounted to a practical approach to the administrative problem which arises when public servants—especially law enforcement personnel—become defendants in serious criminal prosecutions, a problem particularly difficult when the criminal charges are related to official duties. With the Third Class City Code stating no time limit within which a hearing must be held, the responsible head may choose to suspend the personnel, as authorized by the Code, without setting an immediate hearing date, and the public employees then have a free choice to demand a prompt civil service hearing if they so desire, or, if they prefer otherwise, to defer pursuance of the civil service hearing until the criminal prosecution trials have been held; yet the city itself is not barred from having a prompt hearing if circumstances require it.

Did the city give sufficient notice of the charges? The mayor's suspension notices clearly incorporated the criminal law violations by referring to the state police charges before the named magistrate, and the specific notice of hearing by the solicitor, one month before the hearing date, contained a completely detailed specification, so that no procedural defect appears in that respect.

With respect to the evidence supporting the discharges, petitioners do not raise any question of its substantiality other than to question whether the evidence introduced in support of the discharges was worthy of belief. That question, by its terms purely one of credibility, was also correctly resolved by the able opinion of Judge Franks below.

Even though the lower court hears the evidence de novo in these third class city cases, neither we nor the lower court (which did hold a de novo hearing) may disturb city council's action in the absence of an abuse of discretion by that body. *City of Bethlehem v. Gawlik,* 30 Pa. Commonwealth Ct. 390, 374 A.2d 540 (1977). Here both the lower court and the city council concurred in finding the testimony credible. It is axiomatic that credibility questions are within the discretion of the trier of the facts.

The order below is affirmed.

### Order

Now, this 29th day of January, 1980, the order of the Court of Common Pleas of Fayette County dated August 7, 1978 is affirmed.

Judge DiSalle did not participate in the decision in this case.