97 Pa. Commonwealth Ct. 637 (1986)
510 A.2d 868
Petition of the City of Altoona, a Third Class City Existing Under and by Virtue of the Laws of the Commonwealth of Pennsylvania, for Approval to Charge an Additional 1.8 Mills of Real Estate Tax Levy as Provided by The Third Class City Code, as amended, 53 P.S. §37531(5). Central Pennsylvania Retiree's Association, Appellant.
No. 526 C.D. 1985.
Commonwealth Court of Pennsylvania.
Argued February 6, 1986.
June 5, 1986.
*638 Argued February 6, 1986, before Judges MacPHAIL, DOYLE and COLINS, sitting as a panel of three.
Donald E. Speice, for appellant.
John Casanave, for appellee.
OPINION BY JUDGE DOYLE, June 5, 1986:
The Central Pennsylvania Retiree's Association (Appellant) appeals from the order of the Court of Common *639 Pleas of Blair County which granted the request of the City of Altoona (City) to levy an additional 1.8 mills of real estate tax pursuant to Section 2531(5) of The Third Class City Code (Code),[1] 53 P.S. §37531(5).
On January 8, 1985, the City of Altoona adopted a budget for fiscal year 1985 which, in the determination of the City Council, required an increase in the real estate tax rate above the twenty-five mill limit applicable to such tax under Section 2531(4) of the Code, 53 P.S. §37531(4). On January 17, 1985, the City filed a petition with the Blair County Court of Common Pleas requesting permission to impose an additional 1.8 mills, for a total of 26.8 mills of real estate tax, in order to meet its projected budgetary requirements. The City's petition was made pursuant to the authority of Section 2531(5) of the Code, 53 P.S. §37531(5), which states:
Where the city council by a majority action shall, upon due cause shown, petition the court of quarter sessions[2] for the right to levy additional millage, the court, after such public notice as it may direct and after hearing, may order a greater rate than twenty-five mills but not exceeding five additional mills to be levied.
In support of its Petition, the City presented evidence to establish that, without an additional 1.8 mills, the City would have a $306,432.00 estimated deficit for the 1985 fiscal year. After considering the evidence, the court issued a memorandum and order allowing the City's request, finding that there was "full necessity to permit the City the increase in millage in order to permit the minimal operations to be answered for by it."
On appeal, Appellant contends that the City did not show "due cause" to justify its requested increase in *640 millage. Our research has disclosed no appellate authority interpreting the phrase "upon due cause shown" as it appears in the context of Section 2531(5) of the Code. Indeed, there is little case law interpreting any of the similar "due cause" provisions appearing in the real estate tax sections of other municipal codes.[3] Appellant urges that we follow the interpretation given in In Re: Increase of Tax Levy for City of New Castle, Pennsylvania, 18 Lawrence L.J. 16 (1959), and hold that "due cause" required the finding of a "compelling necessity or the happening of an unforeseen emergency." Appellant argues that under this definition the City's projected deficit did not provide due cause for an increase in millage because the deficit was not shown to be the result of a compelling necessity or unforeseen emergency. We cannot agree with Appellant's interpretation of this provision.
There is simply nothing in the language of the provision itself to suggest that a city may only request additional millage in extraordinary situations or in cases of utmost necessity. On the contrary, the provision speaks only in terms of "due cause" to justify the increase. Since the language itself imposes no requirement that the additional millage be justified by an unusual situation, we must assume that the "due cause" which would support the decision to impose this additional millage is no different than the "due cause" which generally supports the decision to impose a particular tax rate by city council. The standard for determining whether there is sufficient cause to impose a particular *641 real estate tax rate is found in Section 2531(4) of the Code which states:
When real estate taxes are so levied, (i) the rates shall be determined by the requirements of the city budget as approved by council. . . .
It follows, therefore, that the City has shown "due cause" for the imposition of additional millage under Section 2531(5) when it has shown that such millage is necessary to meet the requirements of the approved budget.
Appellant has argued that under the concept of "due cause" the trial court is required to examine the city budget and determine whether further reductions could be made which would obviate the need for additional taxes. Appellant argues that the trial court erred in its stated refusal to substitute its discretion for that of the city council on the issue of the propriety of the adopted budget.[4] We believe that the trial court was correct in this approach.
While the statute gives the trial court the discretion to determine from the record whether due cause exists to warrant additional millage, it does not invite the court to examine the budget itself and review the wisdom of the legislative decision underlying its adoption. Such legislative decisions cannot be disturbed absent a clear abuse of discretion. See Davis v. City of Connellsville, 49 Pa. Commonwealth Ct. 106, 410 A.2d 937 (1980).[5] As stated earlier, we believe that the trial *642 court's factual determination under Section 2531(5) is limited solely to the issue of whether the additional millage is necessary given the requirements of the approved budget. The City meets its burden of proof when it can show by competent credible evidence that its anticipated revenues will be insufficient to meet the monetary obligations imposed by its approved budget.[6] In the present case, the City properly addressed this burden by presenting expert testimony to establish the amount of the City's expected revenues and their source. This testimony established that a $306,432.00 deficit would result without the levy of additional millage. We are satisfied that the evidence provided a sufficient basis for the court to make its determination that an additional 1.8 mills was necessary.
Finally, Appellant argues that the City's adopted budget is invalid in that it included a revision to the *643 proposed budget which was not subject to the required public notice under Section 1809 of the Code, 53 P.S. §36809. Appellant's argument constitutes a collateral attack on the budget itself, which was adopted by City Council on January 8, 1985. Since this attack was first presented at the hearing on February 13, 1985, it is barred by Section 5571(c)(5) of the Judicial Code, 42 Pa. C. S. §5571(c)(5), which requires that appeals must be filed within thirty days of the effective date of the ordinance adopting the budget. Thus, the trial court was correct in dismissing this claim.
For the foregoing reasons, we conclude that the trial court did not err in granting the City's request for an additional 1.8 mills of real estate tax. Accordingly we affirm.

ORDER
Now, June 5, 1986, the order of the Court of Common Pleas of Blair County, No. 114 C.P. 1985, dated February 15, 1985, is hereby affirmed.
NOTES
[1] Act of June 23, 1931, P.L. 932, as amended.
[2] Now, court of common pleas. See Section 912 of the Judicial Code, 42 Pa. C. S. §912.
[3] See Section 1302 of The Borough Code, Act of February 1, 1966, P.L. (1965), 1656, as amended, 53 P.S. §46302; Section 1709 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, as amended, 53 P.S. §56709; and Section 905 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, as amended, 53 P.S. §65905.
[4] In support of this position see Norristown Borough Petition, 81 Pa. D. & C. 538 (1952) (Borough denied additional millage under similar provision of The Borough Code because revenue could have been generated by adoption of other forms of taxation).
[5] See Lower Makefield Township Application, 12 Pa. D. & C. 2d 19, 24 (1957). In construing the "due cause" provision of Section 905 of The Second Class Township Code the trial court in Lower Makefield refused to question the wisdom of the past fiscal policies of the township supervisors, stating:

[W]e are not in a position to pass upon the questions attempted to be raised by the protestants when they take issue with certain specific expense items of the proposed budget. Such problems are not for us to regulate and determine absent a showing of clear abuse of the powers which are vested by law in the local governing body. The Second Class Township Law, sec. 902, requires the supervisors to prepare and adopt a budget; this the instant supervisors have done. Having exercised the judgment and deliberation so required, their actions cannot intelligently, or even appropriately, be subjected to judicial review. . . .
[6] In the present case, the City did present evidence to establish that the budget reflected a good faith effort by City Council to minimize expenditures and maximize income. The City submitted evidence to show that it was taxing at 100% of assessed value, and was experiencing a shrinking tax base. The City also asserted that any additional cuts in essential services would jeopardize public welfare. While this evidence shows a commendable effort on the part of City Council, we cannot conclude that the evidence was necessary in order for the City to meet its burden under Section 2531(5).