## Fatzinger v. City of Allentown

*John P. Karoly Jr.,* for plaintiff.
*Thomas C. Anewalt,* for defendant.
*Aaron M. Matte,* for intervenor.

DAVISON, *J.*, June 16, 1989 — Raymond Fatzinger, who, after jury trial, was found not guilty of homicide by reason of insanity in the killing death of one Pamela Smith on March 2, 1985, has appealed from the action of Allentown City Council discharging him from his employment as a member of the Allentown Police Department, effective March 7, 1985. This appeal was filed on November 3, 1986; the city filed a timely motion to quash or dismiss the appeal; and thererafter, the Fraternal Order of Police, Queen City Lodge no. 10 was permitted to intervene.[*] For the reasons herein, we dismiss the appeal.

This tragic chapter out of the 20th-century history of the City of Allentown has its genesis shortly before midnight, Saturday evening, March 2, 1985, when a shooting was reported in the deep west end, at 30th and Gordon streets, in which, according to the testimony of the proceeding before city council on September 18, 1986, Captain John R. Stefanik of the Allentown Police Department identified the victim as Pamela Smith and the suspect as Raymond Fatzinger. Fatzinger fled the scene, leaving Mrs. Smith's mortally wounded body on the lawn of

---

[*] As the record reflects, this oft-continued appeal was scheduled for oral argument before this court on May 31, 1989, duly listed for an argument court session commencing at 9:30 a.m. At approximately 8:45 a.m. that morning, Fatzinger's counsel, John P. Karoly Jr., Esquire, telephoned the judge's secretary advising that he was expected to be, at 9:30 a.m. in the courtroom of the author of this opinion, as well as before a Northampton County judge; he was instructed to be present at this argument; he did not appear at the argument on this appeal (or, for that matter, at anytime during the entire court session that day). City of Allentown Solicitor Anewalt and Aaron Matte, Esq., counsel for the FOP, were present and orally argued the issues; Karoly's brief, which was delievered to the argument by FOP counsel, has been reviewed and considered in formulating this decision.

her 30th Street home and in front of her young daughter. He thereupon operated his automobile erratically through the west end of the city, ignoring various stop signs and signals, at high rates of speed, and disregarding pursuing police officers who sought to apprehend him. He was finally taken into custody at gunpoint.

On March 7, 1985, Joseph S. Daddona, Mayor and Director of Public Safety of the City of Allentown, and David M. Howells Sr., Chief of Police of the City of Allentown, notified Fatzinger, in writing, of his suspension, without pay, until city council adjudicated the charges against him. Fatzinger was incarcerated from the time of his apprehension until shortly after the jury trial; following the verdict, he was committed to Allentown State Hospital, but releasd 15 days thereafter, on July 17, 1986. When Fatzinger attempted to report for work on July 20, 1986, he was notified that he was still under suspension and the mayor, in a letter dated July 23, 1986, asked that he submit his resignation effective March 7, 1985. In the absence of any response thereto, the city proceeded to hold a hearing on the suspension; thus, the proceedings which led to this appeal were undertaken. On August 5, 1986, Fatzinger, presumably positioning himself to seek extended pay and other benefits of city employment, submitted, in writing, a letter purporting to resign effective August 18, 1986. City council proceedings were held on September 8 and 18, 1986; Fatzinger himself neither appeared nor presented any evidence, although his counsel was present and made an opening statement on September 8, 1986.

Three issues are presented by the appeal, viz: (1) was Fatzinger properly discharged by city council? (2) was city council's action timely? and (3) did

council have jurisdiction over Fatzinger to adjudicate the charges against him?

That Fatzinger deported himself in an unlawful manner which violated various regulations of the Bureau of Police and that his conduct was unbecoming a police officer is not, in our view, subject to dispute.

"Twentieth-century America has the right to demand for itself, and the obligation to secure for its citizens, law enforcement personnel whose conduct is above and beyond reproach. The police officer is expected to conduct himself lawfully and properly to bring honor and respect to the law which he is sworn and duty-bound to uphold. He who fails to so comport brings upon the law grave shadows of public distrust. We demand from our law enforcement officers, and properly so, adherence to demanding standards which are higher that those applied to many other professions. It is a standard which demands more than a forebearance from overt and indictable illegal conduct. It demands that in both an officer's private and official lives he do nothing to bring dishonor upon his noble calling and in no way contribute to a weakening of the public confidence and trust of which he is a repository." *Fabio v. Civil Service Commission*, 489 Pa. 309, 320, 414 A.2d 82, 87-8 (1980); *Cerceo v. Darby*, 3 Pa. Commw. 174, 183, 281 A.2d 251, 255 (1971).

We reject as ludicrous the contention of Fatzinger's counsel, in his brief, that Fatzinger should have been merely reprimanded rather than terminated.

Next, we consider whether the city council hearing was timely held and conclude that it was. The Third Class City Code is silent as to the time within which such councilmatic hearings are to be held.

The only request for a hearing was that made by the mayor on August 1, 1986. At no time did Fatzinger request a hearing. In a remarkably similar case, relied upon by the city solicitor, *Davis v. City of Connellsville,* 49 Pa. Commw. 106, 410 A.2d 937 (1980), the petitioning police officers were the subject of criminal charges of burglary, robbery and criminal conspiracy in April 1975. The mayor advised petitioners of their indefinite suspension without pay in letters of May 1, 1975, pending a hearing and action by city council. Neither the petitioners nor the city took any further action until two years later, when a city council hearing was convened and the petitioners discharged as of the date of their initial suspension, namely May 1, 1975. Judge Craig, in speaking for the Commonwealth Court, stated:

"Was the two-year delay between the notices and the councilmanic hearings fatal to the discharge actions? The Third Class City Code specifies no time within which the hearing must be held, nor is a specific time limit imposed by judicially-enunciated principles of due process. *Sayre Land Co. v Pennsylvania Public Utitity Commission,* 167 Pa. Super. 1, 74 A.2d 713 (1950).

"Here petitioners, during that two-year period, while the criminal charges against them were being prosecuted, understandably did not demand that their civil service hearing proceed. They acquiesced in the delay, which continued until the city finally proceeded to set the hearing date voluntarily.

"What occurred here was not only in accordance with due process but also amounted to a practical approach to the administrative problem which arises when public servants — especially law enforcement personnel — become defendants in serious criminal prosecutions, a problem particularly difficult when

the criminal charges are related to official duties. With the Third Class City Code stating no time limit within which a hearing must be held, the responsible head may choose to suspend the personnel, as authorized by the code, without setting an immediate hearing date, and the public employees then have a free choice to demand a prompt civil service hearing if they so desire, or, if they prefer otherwise, to defer pursuance of the civil service hearing until the criminal prosecution trials have been held; yet the city itself is not barred from having a prompt hearing if circumstances require it." *Davis* at 109-10, 410 A.2d at 938-9.

It is revealing to note that when the city suspended Fatzinger on March 7, 1985, it specifically referrred to the *Davis* case and appended a copy of that decision to that letter. Fatzinger never requested an earlier hearing, thus, acquiescing in the passage of time, and consequently, is now barred from contesting its timeliness. *Zeber Appeal,* 398 Pa. 35, 156 A.2d 821 (1959).

Lastly, we turn to the question of whether city council had jurisdiction to conduct the discharge hearings in light of Fatzinger's tendered resignation. In this regard, we agree with the city's position that council's jurisdiction over Fatzinger attached on March 7, 1985, when Fatzinger was notified of his suspension. We hold that jurisdiction, having attached, survived Fatzinger's veiled efforts to frustrate the city's efforts by purporting to tender his resignation.

It is well established that once jurisdiction attaches, it continues to exist until the cause is fully and completely determined. *Whitmer v. Whitmer,* 243 Pa. Super. 462, 468-9, 365 A.2d 1316, 1319 (1976). It is not defeated by subsequent events, even though they are of such a character as would

have prevented jurisdiction from attaching in the first instance. Furthermore, the power of the adjudicatory body, having once attached, is not impaired by a party's later change of domicile or citizenship. *Smith v. Sperling,* 354 U.S. 91, 77 S.Ct. 1112, 1113, 1 L.Ed.2d 1205 (1957).

As no less an authority than Chief Justice Marshall observed in *Mollan v. Torrance,* 9 Wheat. 537, 6 L.Ed. 154 (1824), "It is quite clear that the jurisdiction of the court depends upon the state of things at the time the action is brought, and that after vesting it cannot be ousted by subsequent events."

We will not sanction legal legerdemain to permit the appellant to defeat jurisdiction by the simple expedient of the last minute unilateral removal of himself from city employment, thereby attempting to position himself to claim unwarranted pay and benefits.

This appeal is devoid of merit.

### ORDER

Now, June 16, 1989 for the reasons appearing in the accompanying opinion, it is ordered that the appeal of Raymond Fatzinger is hereby denied and dismissed.