591 A.2d 369

**Raymond FATZINGER and Fraternal Order
of Police, Queen City Lodge No. 10**

v.

**CITY OF ALLENTOWN.**

**Appeal of Raymond FATZINGER.**

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 1990.
Decided May 16, 1991.

John P. Karoly, Jr., Karoly Law Offices, P.C., Allentown, for appellant.

Thomas C. Anewalt, City Sol., with him, Kathryn Wohl-sen Mayer, Asst. City Sol., Allentown, for appellee.

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Raymond Fatzinger (Fatzinger) appeals from an order of the Court of Common Pleas of Lehigh County which denied and dismissed his appeal from the actions of the Allentown City Council (City Council) discharging him from the Allentown Police Bureau (Police Department), effective March 7, 1985.[1]  We affirm.

1.  The Fraternal Order of Police, Queen City Lodge No. 10, (FOP) intervened during Fatzinger's appeal to the Court of Common Pleas of Lehigh County.  However, only Fatzinger is pursuing the present appeal.

Fatzinger was a sergeant and a 19–year veteran of the Police Department. While off duty on March 2, 1985, Fatzinger argued with, shot and killed Pamela Smith (Smith) on the front yard of her home. Fatzinger was arrested and charged with the homicide of Smith.

On March 7, 1985, Allentown Mayor Joseph Daddona (Mayor Daddona) and Police Chief David Howells (Chief Howells) notified Fatzinger, by letter, that he was suspended, without pay, for the homicide of Smith and for engaging in conduct unbecoming of a police officer. Fatzinger was to remain on suspension until City Council adjudicated the charges against him.

On July 2, 1986, after a jury trial, Fatzinger was found not guilty of homicide by reason of insanity and was committed to Allentown State Hospital. Following a 15 day evaluation, Fatzinger was released from the hospital by court order on July 17, 1986. Fatzinger returned to work on July 20, 1986, but was informed that he was still under suspension.

On July 23, 1986, Mayor Daddona sent a letter to Fatzinger requesting that he submit his resignation from the police department, effective March 7, 1985, the date of his suspension. On August 1, 1986, Mayor Daddona requested that City Council conduct a hearing pursuant to The Third Class City Code [2] (Code) concerning Fatzinger's suspension. *See,* 53 P.S. § 39408. On August 4, 1986, Fatzinger requested his pension for services rendered as a police officer for the period of July 1, 1965 to August 18, 1986.

On August 7, 1986, City Council scheduled the disciplinary hearing for September 8, 1986. Fatzinger did not personally appear at the hearing. Fatzinger's attorney presented an opening statement but offered no evidence during the hearing. The FOP, while not a party to the hearing, was permitted through its counsel, to make a statement on behalf of its members. City Council conducted a second hearing on September 18, 1986. Neither Fat-

2. Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §§ 35101–39701.

zinger nor his counsel participated in this proceeding despite being given actual notice of the time and date of the hearing. Counsel for the FOP was present throughout the September 18 hearing, but did not participate in the proceedings.

On October 1, 1986, City Council passed Resolution No. 25673 which discharged Fatzinger as of March 7, 1985. Fatzinger filed a timely appeal with the court of common pleas on November 3, 1986. The City of Allentown filed a motion to quash or dismiss the appeal on December 2, 1986, but did not pursue the motion.

The FOP was permitted on April 27, 1988 to intervene in the appeal to the court of common pleas. Oral argument was held on May 31, 1989.[3] The court of common pleas denied and dismissed Fatzinger's appeal on June 19, 1989. Fatzinger filed a timely notice of appeal on July 19, 1989.

On appeal, Fatzinger raises two issues: 1) did the City Council have authority to subject a retiree to an employee's disciplinary hearing after his retirement and then terminate him retroactively to a date predating his retirement; 2) did the actions of City council otherwise constitute an abuse of its discretion or violate the laws of this Commonwealth or the rules and regulations adopted by the city in matters of police discipline? Fatzinger, however, did not raise the second issue before the court of common pleas.[4]

It is well settled that an appellant cannot assert one theory of error at trial and a different one on appeal. *Guidry v. Johns–Manville Corp.*, 377 Pa.Superior Ct. 308, 547 A.2d 382 (1988). Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a); *Wood v. Pittsburgh*, 74 Pa.Common-

---

**3.** The solicitor for the City of Allentown and counsel for the FOP were present and orally argued the issues. Fatzinger's counsel did not appear at the argument, but submitted a brief which was delivered by counsel for the FOP.

**4.** The three issues presented on appeal to the court of common pleas were: 1) was Fatzinger properly discharged by City Council; 2) was City Council's action timely; and 3) did City Council have jurisdiction over Fatzinger to adjudicate the charges against him?

wealth Ct. 450, 460 A.2d 390 (1983). Since Fatzinger did not raise the second issue before the court of common pleas, he is therefore precluded from raising it before this Court. Thus, the only issue currently before this Court is whether the City Council had authority to subject Fatzinger to a disciplinary proceeding after his purported retirement and then terminate him retroactively to a date prior to his retirement.

Fatzinger contends that because he submitted his resignation shortly before City Council held its hearings and discharged him, City Council had no authority to conduct such hearings and deliberate on his employment status. Fatzinger argues that City Council lacked jurisdiction over him since he had retired prior to the commencement of the hearings. City Council maintains that its authority to subject Fatzinger to disciplinary proceedings emanates from Section 39408 of the Code and that its jurisdiction over Fatzinger attached on March 7, 1985 when Fatzinger was notified of his suspension.

The court of common pleas held that jurisdiction, having attached, survived Fatzinger's veiled efforts to frustrate the City of Allentown's efforts by purporting to tender his resignation. We agree. It is well established that once jurisdiction attaches, it continues to exist until the cause is fully and completely determined. *Whitmer v. Whitmer,* 243 Pa.Superior Ct. 462, 365 A.2d 1316 (1976).

Under the Code, all employees who are subject to civil service shall be subject to suspension by the director of the department for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department. The director of the department may suspend the employee for a period of ten days, with or without pay, without preferring charges and without a hearing of council; however, when charges are preferred, city council shall conduct a hearing. The suspended employee is entitled to be represented by counsel at the hearing before city council. The employee may be fined or suspended for a period not exceeding 30 days with or without pay, or may

be discharged by city council, if found guilty of the charges made against him. 53 P.S. § 39408.

Fatzinger argues that City Council lacked the authority to terminate him retroactively to a date pre-dating his retirement as a result of an 18 month delay in holding the administrative hearing to discharge him. We note that the 10 day limitation concerning suspensions under Section 39408 of Code applies only to disciplinary suspensions by the director of the department in "summary" suspensions since they are not dependent on confirmation by the governing body. The authority to suspend without definite time limit, pending action by the city council upon the charges made against an employee is specifically authorized by the first sentence of Section 39408 of the Code.

The Code specifies no time within which the hearing must be held, nor is a time limit imposed by judicially-enunciated principles of due process. *Davis v. City of Connellsville,* 49 Pa.Commonwealth Ct. 106, 410 A.2d 937 (1980). In *Davis,* this Court held that with the Code stating no time limit within which a hearing must be held, the director of the department may choose to suspend the public employee without setting an immediate hearing date and that the employee then has a choice to demand a prompt civil service hearing or to defer pursuance of the hearing until criminal prosecution trials have been held. *Id.* The delay between the indefinite suspension notice and the eventual civil service hearing, while criminal charges against Fatzinger were being prosecuted, was not fatal to the action of City Council discharging him.

When the Mayor and the Chief of Police suspended Fatzinger on March 7, 1985, the notice specifically referred to the *Davis* case and a copy of that decision was appended to the notice. Fatzinger never demanded that his civil service hearing proceed. Thus, Fatzinger acquiesced in the delay which continued until City Council set a hearing at the Mayor's request. Accordingly, City Council had jurisdiction

over Fatzinger and properly exercised its authority by terminating him retroactive to the date of his suspension.

PALLADINO, J., did not participate in the decision in this case.

## ORDER

AND NOW, this 16th day of May, 1991, the order of the Court of Common Pleas of Lehigh County filed June 19, 1989 is affirmed.